396 So.2d 1228 (1981)
Josephine V. LUCA a/K/a Josephine V. Deluca a/K/a Josephine Victoria Costa a/K/a Victoria Luca, Appellant,
v.
LARGO DIVERSIFIED, INC., a Florida Corporation, and Fortune Federal Savings and Loan Association of Clearwater F/K/a First Federal Savings and Loan Association of Clearwater, Appellees.
No. 80-1441.
District Court of Appeal of Florida, Second District.
April 22, 1981.
*1229 Clark A. Stillwell of Tucker, Hicks, Blanchard, Brannen & Stillwell, P.A., Inverness, for appellant.
Herbert E. Langford, Jr. of Haworth, Langford & Turtzo, P.A., Clearwater, for appellee Largo Diversified, Inc.
GRIMES, Judge.
This appeal challenges the trial court's entry of a default judgment for failure to comply with the discovery rules.
On January 29, 1980, Largo Diversified, Inc., filed a suit against Josephine Luca, alleging that while she was its employee, she had converted money belonging to it to her own use. After Mrs. Luca answered the complaint, Largo noticed the taking of her deposition for March 4. When she failed to appear at that time, Largo filed a motion for sanctions and a motion to compel. It set a hearing on these motions for April 2 and then renoticed her for deposition thirty minutes earlier on the same day.
On April 2, Mrs. Luca again failed to appear for her deposition. However, the court did hold the hearing set by Largo which resulted in an order dated April 15. That order granted Largo's motions and directed that Mrs. Luca appear for deposition on or before April 22. It further provided that if she failed to appear, the court would strike her pleadings and enter a default against her. On April 10, Largo notice her for the April 22 deposition. As in the past, she did not appear on that date.
On April 23, the court, without a hearing, entered a default against Mrs. Luca on the issue of liability. On July 1, it held a trial on the issue of damages and awarded Largo a judgment of $16,392.10. Mrs. Luca now appeals from that judgment. She assails the court's entry of a default arguing that her violation of the discovery rules did not merit such a harsh sanction and that, in any case, she was entitled to a hearing prior to the entry of the default. We will consider each of these contentions separately.
Florida Rule of Civil Procedure 1.380 provides that when a party fails to attend his own deposition or fails to obey an order to provide discovery, the court may, among other things, strike the party's pleadings and enter a default judgment against him. Of course, in applying this rule, the severe sanction of default should be reserved for the most egregious and willful misconduct. E.g., Allstate Insurance Co. v. Biddy, 392 So.2d 938 (Fla.2d DCA 1980); Hurley v. Werly, 203 So.2d 530 (Fla.2d DCA 1967). When examined in this light, the present case is one in which the entry of a default judgment was proper. The record reflects no plausible justification or excuse for Mrs. Luca's thrice occurring refusal to appear for her deposition or for her defiance of the court's order. Thus, the court could have concluded that her failure to submit to deposition was willful and that the entry of a default was the appropriate sanction.
Mrs. Luca's second argument for reversal is that the court erred in failing to follow the rationale of Owens-Illinois, Inc. v. Lewis, 260 So.2d 221 (Fla.1st DCA 1972), by not holding a hearing prior to the entry of the default in order to allow her an opportunity to be heard. We cannot quarrel with a rule which provides that ordinarily a default for failure to comply with discovery should be entered only after a hearing. Here, however, any error which occurred by reason of the omission of a hearing was rendered harmless by the fact that Mrs. Luca did nothing whatsoever to set aside the default during the sixty-nine days which transpired between its entry *1230 and the date of the final hearing. The order of April 15 left her with no doubt about what was going to happen if she again failed to appear for her deposition. If there was a legitimate reason why she was unable to be present on April 22, it would have been a simple matter for her to ask the court to set aside the default under Florida Rule of Civil Procedure 1.500(d). Thus, her failure to take action leaves her in no position to now complain that the court should have held a hearing before the entry of the default.
AFFIRMED.
SCHEB, C.J., and BOARDMAN, J., concur.