493 So.2d 1126 (1986)
Wonna STONER, Appellant,
v.
C.H. VERKADEN and Stoner Builders Corporation, Appellees.
No. 85-2014.
District Court of Appeal of Florida, Fourth District.
September 17, 1986.
Steven W. Gomberg of The Law Offices of Steven W. Gomberg, West Palm Beach, for appellant.
Scott Kramer, North Palm Beach, for appellees.
GLICKSTEIN, Judge.

I.
This is an appeal from a final judgment in favor of the individual appellee, who has sued appellant and a corporation, Stoner Builders Corporation, alleging, in his amended complaint, the existence of an oral contract between him and the appellant or the defendant corporation. We reverse.
Appellee attempted to depose the corporation and served a "Re-Notice of Taking Deposition Duces Tecum," appending a list of documents. Both defendants moved for a protective order. The plaintiff moved to compel "the defendant," which was unnamed, to produce:
All bills or invoices reflecting amounts billed for labor or materials performed by STONER BUILDERS CORPORATION.
The motion then alleges the plaintiff was to receive a percentage of the gross cost of construction performed by "the defendant," again not naming which defendant. *1127 The style of the pleading names only the corporation. The amended complaint, in paragraph 5, refers to construction work performed by the corporation.
The trial court's order of July 19, 1984, recites:
THIS MATTER came on to be heard upon the Motion of the Plaintiff to Compel the Defendant to produce all bills or invoices reflecting the amount billed for labor or materials performed by STONER BUILDERS CORPORATION on various residential and commercial property. The Defendant has also filed a Motion for Protective Order protecting it from having to produce the same documentation requested by the Plaintiff. The Court after having heard argument of counsel and being otherwise advised it is;
ORDERED AND ADJUDGED that the Plaintiff's Motion to Compel is granted and the Defendant's Motion for Protective Order is denied. The Defendant shall be required to produce the item requested within forty-five (45) days from the date of this Order at a place mutually convenient for the parties.
It is clear from the above order that there was no reference, whatsoever, to the individual defendant. The style of the order names only the corporation as a defendant, notwithstanding the plural of defendant appearing below it.
Yet the court then struck the individual's pleadings for her failure to produce various bills and invoices, pursuant to the trial court's foregoing order. Subsequently, the trial court entered final judgment against appellant for $25,800. The trial court's order, striking the individual's pleadings, was harmful error. The corporation's misconduct cannot be charged to its co-party. See Zanathy v. Beach Harbor Club Association, Inc., 343 So.2d 625 (Fla. 2d DCA 1977) (husband-wife); Henry A. Knott Company, Division of Knott Industries v. Redington Towers, Inc., 428 So.2d 687 (Fla. 2d DCA 1983) (insurer-insured); and Leatherby Insurance Company v. Jones, 332 So.2d 139 (Fla. 3d DCA 1976) (insurer-insured).
Since the individual had never been instructed by the court to comply with any discovery request, sanctions against her were inappropriate. Rule 1.380, Florida Rules of Civil Procedure, authorizes sanctions for a party's failure to comply with the court's order. If one has not been ordered by the court to submit to discovery, one cannot have failed to comply with the order. One cannot willfully disregard an order one has not been given.
Parenthetically, an order imposing sanctions under Rule 1.380 must recite the party's willful failure to submit to discovery. Mercer v. Raine, 443 So.2d 944, 947 (Fla. 1983). No such recitation appears in the order here appealed. Appellant has not raised this particular point and it has not played a part in our decision.

II.
When it became apparent that the real issue in this case had not been presented to the trial court, we requested supplemental briefs upon the question whether the issue was so fundamental in nature that this court could consider it initially on appeal. Our review leads us to conclude that the error is fundamental in nature. While perhaps not so certain as the late Justice Stewart's perception of obscenity, we view the trial court as having no authority to order the sanctions against the individual here. The question is one of law; and our refusal to consider it would result in a miscarriage of justice. See Hillsborough County v. Bennett, 167 So.2d 800, 805 (Fla. 2d DCA 1964).
GUNTHER and STONE, JJ., concur.