PER CURIAM.
These are consolidated appeals from an interlocutory order and a final judgment entered in a dissolution of marriage action. We affirm the order in case no. 86-464 striking the husband's pleadings and entering a default against him for repeated failure to comply with the court’s orders on discovery motions. The evidence of willful disregard for the discovery orders is competent and substantial. See Mercer v. Raine, 443 So.2d 944 (Fla.1983).
In case no. 86-676 the husband asserts as points on appeal that (1) the trial court should not have proceeded to a final hearing while the appeal from the interlocutory order was pending before this court, (2) the trial court should not have awarded child support where there were no allegations or prayer for relief related to child support in the served complaint, (3) the evidence does not support an award of $10,360 which the wife claims is owed her for loans and expenses, and (4) he should have been awarded shared custody of the minor child.
It is clear from the scant record that at least three of the husband’s points have substantive or procedural merit.
Where an appeal is duly taken, whether with or without supersedeas, jurisdiction of the cause is transferred to the appellate court, thereby depriving the trial court of the power to finally dispose of the cause or to take any action which interferes with the appellate court’s exercise of jurisdiction. See De La Portilla v. De La Portilla, 304 So.2d 116 (Fla.1974).
Allowing the wife to proceed on an amended complaint seeking new relief after entry of a default on the original complaint constituted a denial of due process. We need not examine the issue separately in light of the determination that no dispos-itive action should have been taken while the appeal from the default judgment was pending in the appellate court.
The wife’s proof in support of a claim of amounts owed her is not substantial. Particularly, the total of $10,360 is not supported by the itemization. The husband correctly points out that the total of the itemized expenses is only $5,560. At a new hearing, the husband will be permitted to challenge the amount of the claim.
Reversed and remanded for a new trial on the issues of child support, reimbursement for expenses, and custody.