506 So.2d 19 (1987)
Michael TRUPEI, Appellant,
v.
The CITY OF LIGHTHOUSE POINT, Florida, and the City of Lighthouse Point Police Department, Appellees.
No. 85-1982.
District Court of Appeal of Florida, Fourth District.
April 8, 1987.
Stay and Rehearing Denied May 19, 1987.
*20 Oliver Addison Parker, Fort Lauderdale, for appellant.
Philip J. Montante, Jr., of Philip J. Montante, Jr., P.A., Pompano Beach, for appellees.
DOWNEY, Judge.
On October 23, 1984, appellees filed a Verified Complaint for Rule to Show Cause and Final Order of Forfeiture of a 1979 Cessna 210 Centurion II aircraft in which appellant claimed an interest. Thereafter, on November 27, 1984, appellees filed a request for admissions to appellant, mailing same to his last known non-prison address. However, at the time appellant was not yet a party to the action nor did he receive the request for admissions as he had lost the addressee house to foreclosure.
In December, 1984, appellant filed a motion to dismiss the complaint, which was never ruled upon. Later, in February, 1985, appellees noticed appellant for a March deposition at appellees' attorney's office. However, appellant was then a prisoner in a federal prison at Maxwell Air Force Base in Montgomery, Alabama. When appellees moved for a default and sanctions for failure to appear for deposition, appellant filed an answer incorporating his previous motion to dismiss, and also filed a response to appellees' motion for default, alleging appellees' failure to comply with Florida Rule of Civil Procedure 1.310(a), in that appellant was in federal prison and appellees had not obtained leave of court to depose him. Appellant also filed a response to the earlier request for admissions, and a motion to allow late response to request for admissions, pointing out that, when first filed, he was not a party to the cause and the request for admissions was sent to the wrong address. The court denied appellees' motion for default for failure to comply with Rule 1.310(a) and because the request for admissions was not properly served. Upon the representation that appellant was to be tried in Broward County on July 8, 1985, the court set his deposition there for July 9, 1985.
Appellant did not appear for trial on July 8, 1985, because the state did not secure his remand from federal custody therefor. Thus, neither was he present for the scheduled deposition. Appellant's attorney tried to arrange a new deposition date with counsel for appellees without success. Instead, appellees filed a motion for default for appellant's failure to comply with the prior discovery order. The trial court held a hearing on July 18, 1985, and thereafter, on July 22, 1985, struck appellant's pleadings and entered final judgment of forfeiture. From that judgment appellant perfected this appeal.
Appellant has presented six points on appeal, most of which have no merit. However, appellant's first point is dispositive of this appeal and, thus, it is not necessary to reach the other points.
The basis for reversal of the judgment is the action of the trial court in striking appellant's pleadings when he failed to appear in Broward County for deposition as ordered by the court. As explained above, the reason that particular time had been designated was that appellant was set for a criminal trial on that date in Broward County. However, the state failed to make the necessary arrangements for appellant's *21 remand to Broward County from federal prison in Alabama.
Striking a party's pleadings and entering a default for failure to appear for a deposition is considered the most severe of all sanctions and should be resorted to sparingly. Wallraff v. T.G.I. Friday's, Inc., 490 So.2d 50 (Fla. 1986). Furthermore, before resorting to this drastic remedy the trial court must make a finding that the failure to appear and be deposed was willful or done in bad faith, or was a deliberate and contumacious disregard of the court's authority. Wallraff; Mercer v. Raine, 443 So.2d 944 (Fla. 1983). No such finding was made here, nor could one have been made under the circumstances as presented by the record.
Accordingly, the judgment appealed from is reversed and the cause is remanded to the trial court for further appropriate proceedings.
HERSEY, C.J., and WALDEN, J., concur.