511 So.2d 766 (1987)
Barbara and John Jay MITTLEMAN, Appellants,
v.
ROWE INTERNATIONAL, INC., Appellee.
No. 4-86-1487.
District Court of Appeal of Florida, Fourth District.
September 2, 1987.
*767 Richard L. Larin and John B. Agnetti of Hoffman, Larin & Feinsmith, P.A., North Miami Beach, for appellants.
Perry Z. Binder of Britton, Schantz & Schatzman, P.A., Miami, for appellee.
PER CURIAM.
Appellant, Barbara Mittleman, appeals the lower court's order striking her pleadings and those of her co-defendant husband as sanctions for discovery violations, and the resultant default judgment entered against both defendants.
The action was brought by Rowe International against appellant Barbara Mittleman and her husband for nonpayment and for replevin of property leased to Uneedus Vending and Amusement Corporation. Appellant asserted by way of affirmative defense that she was never involved in the corporation as an officer, director, stockholder or employee, nor did she represent herself as such to Rowe. She further asserted that the operation of the business was the responsibility of the defendant John Mittleman, with whom she was involved in a protracted dissolution of marriage proceeding, and she had neither knowledge of the company's operation nor access to the information requested by plaintiff. Appellant's motion to dismiss the action as to her was denied by the trial court and discovery continued. Citing failure to obey an earlier court order compelling discovery, the plaintiff filed a motion for sanctions, which the lower court granted, striking the defendants' pleadings and thereafter entering a default judgment against both appellant and her husband. Appellant seeks reversal of these orders as to her. Finding an abuse of discretion, we reverse.
In order to ensure compliance, a trial court has authority to impose sanctions against a party for failure to comply with an order compelling discovery under rule 1.380, Florida Rules of Civil Procedure. Before granting a motion for contempt for such failure to comply, there must be a finding that the party has willfully ignored an order of the court. This can be established by showing that there has been either a calculated effort to conceal or a conscious design to deceive the *768 court. Allstate Insurance Company v. Biddy, 392 So.2d 938 (Fla. 2d DCA 1980), rev. denied, 399 So.2d 1140 (Fla. 1981). A default judgment should be entered only in the most extreme circumstances, Garden-Aire Village Sea Haven v. Decker, 433 So.2d 676 (Fla. 4th DCA 1983), where there has been a "deliberate and contumacious disregard of the court's authority," Swindle v. Reid, 242 So.2d 751 (Fla. 4th DCA 1970), or where the violation has been committed with a "willful disregard of or gross indifference to an order of the court." Herold v. Computer Components International, Inc., 252 So.2d 576 (Fla. 4th DCA 1971). The record must reflect that the party's failure to comply was a refusal to obey, and if the record supports a finding that failure to comply was due to inability or confusion, entry of a default judgment constitutes an abuse of discretion. Garden-Aire.
In the case before us, the record does not support a finding of willful or deliberate noncompliance by the appellant, nor does the trial court make such a finding in its order. The appellant's signature does not appear on the financial statement which was relied upon by plaintiff in extending credit to Uneedus Vending Corporation, nor does it appear on any of the time sale security agreements executed between plaintiff and the defendant John Mittleman. Appellant is not listed as a corporate officer or director on the records submitted by the Secretary of State's office which were attached to plaintiff's Motion for Summary Judgment. A review of the record shows that appellant filed the appropriate responsive pleadings and a response to plaintiff's Request for Production in an attempt to show her inability to comply. This does not support a finding of either a "calculated effort to conceal" or a "conscious design to deceive the court," but rather is consistent with a finding of inability to comply with the plaintiff's request.
Accordingly, insofar as it relates to the appellant, we reverse the lower court's order striking pleadings and entering default judgment.
REVERSED.
HERSEY, C.J., and DOWNEY and GUNTHER, JJ., concur.