517 So.2d 709 (1987)
Miriam DONNER, Appellant,
v.
Edward Francis SMITH, Allstate Insurance Company, Charter Oak Fire Insurance Company, and Chevron Usa, Inc., Appellees.
No. 4-86-0803.
District Court of Appeal of Florida, Fourth District.
December 9, 1987.
Rehearing and Rehearing Denied January 28, 1988.
*710 Miriam Donner, pro se.
Arthur J. Morburger, Miami, for appellant.
Tew, Jordan & Schulte, Fort Lauderdale, for appellees-Smith and Allstate Ins. Co.
Rehearing and Rehearing En Banc Denied January 28, 1988.
GUNTHER, Judge.
Miriam Donner (Donner) appeals a final order dismissing her civil personal injury action. We reverse.
On January 20, 1978, Donner filed an action for damages against Edward Francis Smith (Smith) for injuries suffered when Smith's automobile struck Donner. For the next nine years, the parties prepared for trial. Finally, the case was set for trial on January 27, 1986, but was dismissed by the trial court on January 24, 1986, as a sanction for alleged discovery violations committed by Donner.
We conclude the trial court committed procedural errors that require reversal of the order of dismissal. First, the trial court erred in dismissing Donner's case on the basis that Donner had failed to answer supplemental interrogatories and to submit to a court-ordered physical examination. We agree with Donner's contention that the trial court abused its discretion by ordering her on December 12, 1986 to answer nonexistent supplemental interrogatories supposedly dated October 16, 1985. Not only was there no service of a motion to compel answers to such interrogatories and no notice of hearing thereon, but Donner was subsequently ordered on January 21, 1986 to comply with the December 12, 1986 order within eight hours. Since the trial court erred in ordering Donner to answer nonexistent interrogatories, the resulting dismissal was improperly entered because it was predicated upon an erroneous order.
*711 As to Donner's failure to submit to the court-ordered physical examination, we conclude that the trial court erred in basing the dismissal of the case on this alleged discovery violation. The failure to submit to an examination was not a ground stated in the motion to dismiss, but was raised ore tenus. In Kuechenberg v. Creative Interiors, Inc., 424 So.2d 145 (Fla. 4th DCA 1982), this court held that a party to be sanctioned must first be given notice and an opportunity to be heard and offer mitigating or extenuating evidence. Since Donner was not given adequate notice that this alleged discovery violation was to be argued as a grounds for dismissal, the trial court erred in granting the dismissal based on Donner's non-compliance with the order compelling submission to a physical examination.
Secondly, notice of the January 24, 1986 hearing resulting in the dismissal was mailed to Donner on January 22, 1986. Under the circumstances of this case, a notice mailed two days before the hearing was inadequate notice and constitutes a violation of due process. See Devoe & Raynolds Co. v. KDS Paint Co., 382 So.2d 126 (Fla. 4th DCA 1980); Fla.R.Civ.P. 1.090(d). Since Donner did not receive adequate notice of the motion hearing, we reverse the trial court's order of dismissal.
Finally, in addition to the above mentioned procedural defects, the order of dismissal did not contain the requisite finding of bad faith, willful disregard or gross indifference to an order of court by Donner, or a finding that Donner's conduct evidenced deliberate callousness on her part. Mercer v. Raine, 443 So.2d 944, 946 (Fla. 1983); Herold v. Computer Components International, Inc., 252 So.2d 576, 580 (Fla. 4th DCA 1971); Trupei v. City of Lighthouse Point, 506 So.2d 19 (Fla. 4th DCA 1987); United Services Automobile Association v. Strasser, 492 So.2d 399, 401 (Fla. 4th DCA 1986), rev. denied, 501 So.2d 1283 (Fla. 1987).
Entering a dismissal for noncompliance with an order compelling discovery is the most severe of all sanctions and should only be employed in extreme circumstances. See Mercer v. Raine, 443 So.2d 944 (Fla. 1983); Trupei v. City of Lighthouse Point, 506 So.2d 19 (Fla. 4th DCA 1987); United Services Automobile Association v. Strasser, 492 So.2d 399 (Fla. 4th DCA 1986), rev. denied, 501 So.2d 1283 (Fla. 1987). The severe sanction of dismissal of Donner's action was not warranted in light of the various procedural errors and defective order. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
REVERSED.
ANSTEAD and LETTS, JJ., concur.