PER CURIAM.
We reverse. We find that the trial court abused its discretion in dismissing the instant case for failure to prosecute in accordance with the court’s prior order.
The order being appealed denied appellants’ second motion for an extension of time for arbitration and dismissed the action. The order dismissed the action for “failure to prosecute in accordance with the Court’s Order previously entered.” In ruling on the first motion for extension of time, the trial court specified that the extension was “granted until December 31, 1986. If the case is not disposed of by then, the cause will be dismissed for failure to comply with the Court’s Order.”
The appellants’ second motion for extension of time was based on the fact that the arbitrator was unavailable until after December 31, 1986. It is also noteworthy that the appellee did not oppose the second motion for extension of time. However, the trial court denied this motion and dismissed the cause for failure to prosecute in accordance with the court’s prior order.
Although we sympathize with the trial court’s frustration with the instant case, neither the record nor the order being appealed indicates that the appellants willfully disobeyed the first court order granting the motion for extension of time or acted in bad faith. See Trupei v. City of Lighthouse Point, 506 So.2d 19 (Fla. 4th DCA 1987). Accordingly, we reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
ANSTEAD, GUNTHER and STONE, JJ., concur.