530 So.2d 1055 (1988)
Gilles BERNAAD and Michel Bernaad, Appellants,
v.
Katherine HINTZ, Appellee.
No. 88-0623.
District Court of Appeal of Florida, Fourth District.
September 7, 1988.
Rehearing and Rehearing Denied October 4, 1988.
*1056 Esther E. Galicia of George, Hartz & Ludeen, Miami, for appellants.
Joseph P. Klapholz of Illovitch & Manella, P.A., Hollywood, for appellee.
Rehearing and Rehearing En Banc Denied October 4, 1988.
GUNTHER, Judge.
We reverse the order striking appellants' pleadings and the default subsequently entered against them. The trial court abused its discretion in imposing such sanctions without holding a noticed hearing. The court also failed to make the requisite finding that the appellants' conduct demonstrated a deliberate and contumacious disregard of the court's authority or evidenced a willful failure to submit to discovery. Mercer v. Raine, 443 So.2d 944 (Fla. 1983); Donner v. Smith, 517 So.2d 709 (Fla. 4th DCA 1987); Championship Wrestling From Florida, Inc. v. DeBlasio, 508 So.2d 1274 (Fla. 4th DCA), rev. denied, 518 So.2d 1274 (Fla. 1987); Trupei v. City of Lighthouse Point, 506 So.2d 19 (Fla. 4th DCA 1987); Stoner v. Verkaden, 493 So.2d 1126 (Fla. 4th DCA 1986).
WALDEN, J., concurs.
STONE, J., dissents with opinion.
STONE, Judge, dissenting.
In my judgment the trial court did not abuse its discretion by striking the defense pleadings. See Mercer v. Raine, 443 So.2d 944 (Fla. 1983); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Fla.R.Civ.P. 1.380.
The facts are undisputed. This is an action for personal injuries against both the driver and the owner of an automobile. Counsel for the plaintiff served interrogatories on counsel for the defendants on September 25, 1987. When the defense failed to respond, the plaintiff filed a motion to compel. The trial court entered an order on January 25, 1988, giving the defendants ten days to respond. On February 1st, the attorney for the defendants filed a motion to abate this order. On February 5th, the trial court, without a hearing, granted a subsequent motion for sanctions, ordered the defendants to pay $150, and granted them an additional five days to answer the interrogatories. On February 11th, one hundred and thirty-nine days after service of the interrogatories, the trial court entered the order striking the defense pleadings.
The case was "at issue" and was set for trial in three months. The motion to abate filed by defense counsel asserted that the defendant/driver was living "somewhere" in northeast Canada and that counsel had been unable to locate him. The attorney also advised the court in the motion that an agency had been employed in an attempt to find his client, but that the client was "difficult to locate." Similarly, the defendant/owner, living somewhere in Canada, could not be located. It is not contended that there was any basis for believing that there was any likelihood that the defendants would be located.
The appellants argued in the motion to abate that extreme sanctions should not be imposed because the failure to respond could not be considered "willful." They additionally argue on appeal that reversal is required because no hearing was held prior to the sanctions being imposed and because the written order does not recite that their noncompliance was willful or in *1057 bad faith. See Mercer v. Raine. However, a hearing was held on the motion to abate, on February 17th, in which counsel was heard on these issues. The defense's motion was denied; this hearing was not transcribed.
In Ferrante v. Waters, 383 So.2d 749, 751 (Fla. 4th DCA 1980), this court held:
The record in the case at hand portrays a six month lapse (November 7, 1977  May 8, 1978) during which the defendant Ferrante totally failed to comply with the court's order compelling discovery. Irrespective of whether her failure came as the result of a deliberate decision to disregard the court's order, or simply from a negligent abandonment of the lawsuit in which she had been served and had filed answer, we are of the opinion that such conduct falls squarely within the above-cited case authorities and amply justifies the action of the trial court.
In his concurring opinion, Judge Letts further stated the principle:
I agree with the opinion as written, but find it worthwhile to emphasize what constitutes the "deliberate and contumacious disregard of the Court's authority," the "bad faith," the "wilful disregard" of the Court's order and the "deliberate callousness."
The facts reported by Judge Hurley accurately reflect that it is conceivable that the wayward defendant never received the unanswered correspondence or the interrogatories. Even if she did not, her conduct is still a deliberate and contumacious or wilful disregard of the Court's order. The defendant was served, filed an answer, moved for protective orders and so forth. She was properly before the court and this being so, she cannot execute an unexplained disappearing trick for six months and expect to get away with it. Those properly before a court have an affirmative duty to litigate or face the consequences for gross indifference.
See also Luca v. Largo Diversified, Inc., 396 So.2d 1228 (Fla. 2d DCA 1981) (a default sanction was upheld, notwithstanding the lack of a hearing, which at worst was harmless error).
There is no reason to conclude that the opinions relied on in the majority opinion require that we depart from the common sense approach in Ferrante and Luca. A hearing and findings are not required where nothing is to be gained by doing so. I would recede from any language in Donner v. Smith, 517 So.2d 709 (Fla. 4th DCA 1987); Championship Wrestling From Florida, Inc. v. DeBlasio, 508 So.2d 1274 (Fla. 4th DCA), rev. denied, 518 So.2d 1274 (Fla. 1987); Trupei v. City of Lighthouse Point, 506 So.2d 19 (Fla. 4th DCA 1987); or Stoner v. Verkaden, 493 So.2d 1126 (Fla. 4th DCA 1986), indicating a contrary requirement. Regardless, the error here, if any, was harmless.