552 So.2d 932 (1989)
Moshe TUBERO, Appellant,
v.
David I. CHAPNICH, D/B/a Florida Financial Service Group, et al., Appellee.
No. 88-1187.
District Court of Appeal of Florida, Fourth District.
August 30, 1989.
Rehearing and Rehearing Denied December 13, 1989.
Thomas J. O'Grady, Boca Raton, for appellant.
Robert S. Hackleman and Connis O. Brown, III of McCune, Hiaasen, Crum, Ferris & Gardner, P.A., Fort Lauderdale, for appellee-Com. Sav. and Loan.
Rehearing and Rehearing En Banc Denied December 13, 1989.
WARNER, Judge.
The appellant complains that the trial court erred in dismissing his complaint as a sanction for failure to respond to discovery. Because the trial court made no express written finding that appellant's failure was willful or deliberate, we agree and reverse.
*933 Appellant filed his complaint in November of 1987. On January 21, 1988, appellee filed a request for production of documents and interrogatories, all of which were to be answered by February 20, 1988. On February 17, 1988, appellant's trial counsel served a motion to withdraw based upon lack of cooperation and irreconcilable differences between appellant and counsel. The motion, which was set for hearing on March 24, 1988, does not reflect that a copy was served on appellant. It does not appear from the record that the motion was heard on that date.
On March 8, 1988, appellee filed a motion to compel discovery and for entry of an ex parte order. The motion alleged that appellant had failed to respond or object and had not requested an extension of time. This motion was submitted to the court pursuant to local administrative rules, did not require a hearing, and resulted in an order signed the same date as the motion, requiring compliance with the discovery requests within ten days of the order. Receiving no response, on March 22, 1988, appellee moved to compel discovery and for sanctions. No specific sanction was requested in the motion. The motion reflects service only upon appellant's attorney who had sought to withdraw. It was set for April 5, 1988. On that date, the court entered an order granting appellee's motion to compel and for sanctions "for Plaintiff's failure to comply with this court's order of March 8, 1988, and Plaintiff's complaint is hereby dismissed." This appeal followed.
Under similar circumstances, in Mercer v. Raine, 443 So.2d 944 (Fla. 1983), the supreme court upheld this court's affirmance of a trial court's order striking a defendant's answer and affirmative defenses for failure to comply with an order compelling discovery. The court stated in Mercer:
[T]hat the striking of pleadings or entering a default for noncompliance with an order compelling discovery [pursuant to Florida Rules of Civil Procedure 1.380] is the most severe of all sanctions which should be employed only in extreme circumstances [citation omitted]. A deliberate and contumacious disregard of the court's authority will justify application of this severest of sanctions, [citation omitted] as will bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness [citation omitted].
443 So.2d at 946. Holding that the trial court's discretion is very broad in determining whether to grant sanctions and what sanction is appropriate, the court found that a logical basis appeared in the record for the exercise of the trial court's discretion where the trial court had made express findings of fact which showed willful disregard of the court's order.
However, appellant maintains that the order here is defective for failure of the trial court to expressly find that appellant's conduct was a willful violation of the rule. Stoner v. Verkaden, 493 So.2d 1126 (Fla. 4th DCA 1986). In dicta, Stoner stated that "an order imposing sanctions under Florida Rule of Civil Procedure 1.380 must recite a party's willful failure to submit to discovery," citing Mercer v. Raine. This requirement of an express finding of willful disregard in a trial court's order dismissing a case as a sanction for discovery violations has been followed in several later opinions by this court. McNamara v. Bradley Realty, Inc., 504 So.2d 814 (Fla. 4th DCA 1987); Donner v. Smith, 517 So.2d 709 (Fla. 4th DCA 1987); Arviv v. Perlow, 528 So.2d 139 (Fla. 4th DCA 1987); Bernaad v. Hintz, 530 So.2d 1055 (Fla. 4th DCA 1988); In Re: Forfeiture of Twenty Thousand Nine Hundred Dollars Currency, 539 So.2d 14 (Fla. 4th DCA 1989).
Yet other cases from this court appear to examine the record as a whole and not just the order, to determine whether there is an indication that appellant willfully disobeyed the court order, thus justifying the severe sanction of dismissal, although none of them directly conflict with Stoner. Championship Wrestling From Florida v. DeBlasio, 508 So.2d 1274 (Fla. 4th DCA 1987); Mittleman v. Rowe International, Inc., 511 So.2d 766 (Fla. 4th DCA 1987); Cohn v. Nostalgia Realty, Inc., 516 So.2d 1073 (Fla. 4th DCA 1987). In fact, in Championship Wrestling as well as Trupei v. City of *934 Lighthouse Point, 506 So.2d 19 (Fla. 4th DCA 1987), this court imposed a requirement that the trial court make an express finding of willful disregard. In a concurring opinion in Championship Wrestling, Judge Anstead suggested that the question of whether or not a written finding of willful refusal to obey a court order is required to sustain the sanction of default or dismissal was in some doubt and that clarification was necessary to put trial courts on notice that an express finding in the order granting such sanctions was necessary. This review of the case law from our court reveals some uncertainty as to whether or not an order granting default or dismissal as a sanction under Florida Rule of Civil Procedure 1.380 requires a written finding of willful disregard of the court's orders.
In Mercer v. Raine, the supreme court approved the sanction of default where "the record contains a logical basis for the exercise of [the trial court's] discretion" to impose the severe sanction of default or dismissal for discovery violations. In Mercer the trial court had made express written findings in its order that the defendant had known what was going on with respect to discovery and had total disregard for the consequences of his actions.[1] The supreme court found that such facts would support an interpretation that defendant's noncompliance was willful. Mercer, 443 So.2d 944 at 946. Mercer was originally taken as a conflict case, alleging conflict between Mercer v. Raine, 410 So.2d 931 (Fla. 4th DCA 1981) and Santuoso v. McGrath & Associates, Inc., 385 So.2d 112 (Fla. 3d DCA 1980). However, the supreme court seems to distinguish the two cases at the end of its opinion by noting that in Santuoso the order entering the default did not recite that Santuoso's discovery violation was willful, while in Mercer the trial court made a written finding of willful disregard.
Mercer was followed by the supreme court's decision in Wallraff v. T.G.I. Friday's, Inc., 490 So.2d 50 (Fla. 1986). In Wallraff, the defendant's motion requested sanctions for the plaintiff's failure to appear at a deposition and recited that the plaintiff had previously filed the same complaint and had failed to respond to discovery requests and court orders compelling discovery, but had avoided involuntary dismissal of the first complaint by filing a voluntary dismissal. The supreme court held that the conduct of the plaintiff in the first action should not be considered, and that the record otherwise did not show grounds for the sanction of dismissal, noting specifically that "the trial court order did not recite that the failure to attend the deposition was willful or done in bad faith." Wallraff, 490 So.2d at 52. Thus, in Mercer the supreme court approved imposition of the most severe sanction because the trial court made a written finding of fact that the defendant deliberately disregarded the court's orders and in Wallraff, the supreme court refused to approve the severe sanction of dismissal because the trial court did not make such an affirmative finding.
As Judge Anstead suggested in his concurring opinion in Championship Wrestling, requiring the court to make an affirmative finding of willful disregard for the court's order may be likened to the requirement that the trial court must make an affirmative finding that a spouse has willfully disobeyed a court order of support and has the present ability to pay the purge amount of a contempt order for the order to be upheld on appeal. Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985); Faircloth v. Faircloth, 339 So.2d 650 (Fla. 1976).
In Faircloth, the supreme court cited with approval the dissent in the lower court, which stated with respect to the lack of finding of willful disobedience to the court's order:
The absence of such a finding, therefore, should not be easily tolerated. That there was evidence in the record on which the chancellor might have predicated such a finding does not supply the *935 finding itself. If we are to abstain from appellate trials in deference to the chancellor's superior ability to find the facts, we must insist, at least in these cases, that his findings be made explicit.
Faircloth, 339 So.2d 650 at p. 652, quoting Faircloth v. Faircloth, 321 So.2d 87, 93 (Fla. 1st DCA 1975). We think the same rationale may be applied when a trial court seeks to impose the severe sanction of dismissal or default in a civil case. The sanction of dismissal or default should be applied in only the most extreme cases, and must be commensurate with the violation, Mercer; Zafirakopoulous v. South Miami Intern. Crabhouse Corp., 513 So.2d 1353 (Fla. 3d DCA 1987), since "justice prefers decisions based upon the merits" over determinations resulting from defaults or dismissals. See, e.g., United Services Auto Ass'n v. Strasser, 492 So.2d 399, 403 (Fla. 4th DCA 1986). Thus, in reviewing this discretionary act of the trial court, the appellate court should not be left guessing whether the essential fact justifying the imposition of the most severe of sanctions has been found by the court. Cf. Faircloth, 339 So.2d at 652.
In the instant case, there is an absence in the record of any excuse or reason as to why appellant failed to respond to discovery requests. No showing was made that appellant attempted to comply with the order or communicated any excuse for noncompliance to the court by the time of the hearing at which the complaint was dismissed. Thus, these facts might support a finding of willful disregard of the orders of the court. United Services Automobile Ass'n v. Strasser, 492 So.2d 399 (Fla. 4th DCA 1986); Whack v. Seminole Memorial Hospital, 456 So.2d 561 (Fla. 5th DCA 1984); Johnson v. Allstate Ins. Co., 410 So.2d 978 (Fla. 5th DCA 1982); Ferrante v. Waters, 383 So.2d 749 (Fla. 4th DCA 1980).
On the other hand, appellant's attorney sought to withdraw prior to the time the discovery was due, and none of the subsequently filed motions show that appellant himself was served with any papers. Thus, we do not know whether or not appellant had knowledge of any of the proceedings, including the hearing dismissing his complaint. This distinguishes the instant case from Mercer where the trial court found that defendant knew what was going on and disregarded the consequences. Furthermore in Mercer the withdrawing attorney's motion specifically stated that the defendant had refused to cooperate with him in providing answers to discovery. In the instant case, while the attorney stated that he was not obtaining cooperation, he did not elaborate what conduct of appellant showed lack of cooperation. If the withdrawing attorney was failing to keep appellant advised of the court's orders, then the sanction of dismissal may be an abuse of discretion, as we would be punishing the litigant too severely for the failings of his attorney. See Wallraff, 490 So.2d at 52.
With such a "meager" record, we are reluctant to affirm without an express finding by the trial court that the appellant willfully disregarded the rulings of the trial court. See Bieling v. E.F. Hutton, 522 So.2d 878 (Fla. 2d DCA 1988). The trial court's ruling that the complaint is dismissed simply "for failure to comply with the March 8, 1988 discovery order" is facially insufficient. Mercer requires that the court find willfulness or deliberate disregard. We do not think it too great a task to require the trial court to make a written finding of the essential facts which supports the imposition of the most severe sanction, and, in line with Stoner, we hold that an order granting a dismissal or default under rule 1.380 for failure to provide discovery must make an express written finding that appellant's conduct was a willful or deliberate violation of the discovery orders.
We therefore reverse the order of the trial court and remand for further proceedings without prejudice to the trial court to reconsider the sanction imposed in order to determine whether there was a deliberate or willful disregard of the discovery order.
Because we consider this a question of great public importance, we certify the following question to the supreme court:

*936 Is an express written finding of willful or deliberate refusal to obey a court order to comply with discovery under Florida Rule of Civil Procedure 1.380 necessary to sustain the severe sanctions of dismissal or default against a noncomplying plaintiff or defendant?
ANSTEAD and GUNTHER, JJ., concur.
NOTES
[1] We thank the appellees for their inclusion of the trial court's order in Mercer v. Raine in their appendix.