DAUKSCH, Judge.
This is an appeal from a dismissal of plaintiffs case as a sanction for an alleged discovery violation. It is quite apparent from the record that this plaintiff (appellant) was less than cooperative with appel-lees and their discovery efforts. He had been made to pay costs for earlier failures to appear for medical examinations.
This case went to trial once and the jury was unable to reach a verdict so a mistrial was ordered and a new trial set. After this first trial appellant sought a protective order to prevent appellees from again taking his deposition. He said he had already given his deposition, had received three sets of interrogatories from appellees in the past and all of his testimony from the first trial was available to appellees. The trial court granted in part his motion for protective order. In essence the court ruled that he could offer no evidence of any kind regarding symptoms, conditions or treatment he had suffered or received between the first trial and the second unless he submitted to another deposition.
ORDERED that the Plaintiff’s testimony at the time of the Re-Trial concerning his symptoms, medical condition, treatments received, health care providers and any information of a similar nature shall be limited to his testimony offered in the original Trial of this matter in August, 1988.. Should the Plaintiff wish to offer any testimony or evidence concerning post-Trial symptoms, conditions, treatments, health care providers or information of a similar nature, it will be incumbent upon him to allow his deposition to be taken before such testimony or evidence may be offered.
Just before the scheduled second trial appellees gave notice to appellant that they were to take his deposition. He did not appear. They moved to have his case dismissed as a sanction for the failure to appear. It was granted. We reverse.
The sanction was too severe. See Wallraff v. T.G.I. Fridays, 490 So.2d 50 (Fla.1986). As in Wallraff there was nothing in this record to indicate “there was a ‘deliberate and contumacious disregard of the court’s authority.’ ” See Mercer v. Raine, 443 So.2d 944 (Fla.1983). The sanction was inappropriate in face of the court’s protective order which, in effect, spelled out the sanction for failure to give another deposition. The trial court did not make a finding, and the record shows no evidence, that appellant’s nonappearance was so willful or flagrant or repetitious so as to warrant the extreme penalty. See Stoner v. Verkaden, 493 So.2d 1126 (Fla. 4th DCA 1986); McNamara v. Bradley Realty, Inc., 504 So.2d 814 (Fla. 4th DCA 1987); Trupei v. City of Lighthouse Point, 506 So.2d 19 (Fla. 4th DCA 1987); Championship Wrestling from Florida, Inc. v. DeBlasio, 508 So.2d 1274 (Fla. 4th DCA), rev. denied, 518 So.2d 1274 (Fla.1987); Zafirakopoulous v. South Miami International Crab House Corp., 513 So.2d 1353 (Fla. 3d DCA 1987); Arviv v. Perlow, 528 So.2d 139 (Fla. 4th DCA 1988); Bernaad v. Hintz, 530 So.2d 1055 (Fla. 4th DCA 1988); but see Pinero v. Pinero, 498 So.2d 637 (Fla. 3d DCA 1986); Freeman v. Humana, Inc., 501 So.2d 639 (Fla. 3d DCA 1986), rev. denied, 511 So.2d 298 (Fla.1987). The extreme penalty should be used only in extreme circumstances; this obviously was not such a case.
REVERSED and REMANDED for trial.
SHARP, J., concurs.
COBB, J., concurs specially in result without opinion.