DOWNEY, Judge.
Appellant J.E.I. Airlines (J.E.I.), a Delaware corporation, appeals the trial court’s order granting appellees’ summary judgment and dismissing appellant’s complaint.
The case arose out of a contract between J.E.I. and Stephen Quinto (Quinto) regarding the purchase of stock in Northeastern *1010 International Airways, Inc., for cash and transfer of stock in J.E.I. Airlines, Inc. It is alleged in appellant’s complaint that the Northeastern Stock was to be escrowed with the law firm of Britton, Cassel, et al., for delivery as specified in the contract. In time, the parties disagreed on the status of their respective performance and appellant filed suit for damages.
On November 29, 1990, the trial court entered an Order On Defendant’s Motion for Summary Judgment and Final Order of Dismissal, and this appeal ensued.
There are two aspects to the order under review. One grants summary judgment based upon appellant’s status as a dissolved foreign corporation. The other dismisses the cause as a sanction for failing to appear for a deposition on the date that the court ordered. The main thrust of appellant’s attack is that the trial court refused to give it adequate time to comply with the court’s orders.
Our conclusion from a study of this record is that the trial court erred in dismissing the cause for the discovery violation and in granting the summary judgment.
On November 20, 1990, the trial court filed a Pre-Trial Conference Order, which ordered appellant to submit to deposition by November 27, 1990, or the case would be dismissed. When appellant, or its representative, did not appear for the deposition, without any hearing on the matter, the court entered the order dismissing the cause for such failure. Appellant argues that, had a hearing been held, it could have informed the court that its designee for deposition was out of the country when the pretrial order was entered and counsel had been unable to effectuate his timely presence. Be that as it may, the order imposing the sanction of dismissal is defective because it fails to find that appellant’s conduct demonstrated a deliberate and contumacious disregard of the court’s authority or evidenced a willful failure to submit to discovery. Bernaad v. Hintz, 530 So.2d 1055 (Fla. 4th DCA 1988). Such finding is a sine qua non for entry of so severe a sanction.
The second aspect of the order appealed is the granting of summary judgment for failure to have its corporate existence reinstated. The order directing appellant to reinstate its corporate existence was entered November 20, 1990, and the summary judgment followed on November 29,1990. As appellant argues, it was physically impossible to accomplish the reinstatement within that time frame. We are not unaware that appellant’s corporate existence had been suspended for several years. However, at the point in time when that became an issue, a reasonable amount of time should have been allowed to enable appellant to effect a reinstatement, and the cause could have been abated in the interim.
Accordingly, the order appealed from is reversed and the cause is remanded to the trial court with directions to allow appellant a reasonable time to effect corporate reinstatement if it has not already been accomplished, and a reasonable time to present a representative for discovery purposes.
REVERSED.
STONE and POLEN, JJ., concur.