PER CURIAM.
A Aaable Bail Bonds, Inc. (Aaable) seeks certiorari review of the trial court’s order that Aaable pay opposing counsel’s attorney fees and costs as a sanction for failure to comply with a prior discovery order. For the following reason, we grant the petition and quash the order under review.
The trial court’s order departs from the essential requirements of the law because it does not comply with Fla.R.Civ.P. 1.380(b)(2) which deals with sanctions for violating discovery orders and provides, “the court shall require the party failing to obey the order to pay the reasonable expenses caused by the failure, which may include attorneys’ fees, unless the court finds that the failure was justified or that other circumstances make an award of expenses unjust.” (Emphasis supplied.) We find that, under the circumstances of this case, counsel for Aaable acted in good faith and attempted to comply with the lower court’s order but was confused as to how to do so. Therefore, Aaable’s failure to comply with the order was justified and the trial court should not have imposed an additional sanction. The record does not establish that Aaable willfully refused to comply with the court order of March 10, 1993, or engaged in a “calculated effort to conceal or a conscious design to deceive the court.” Mittleman v. Rowe Int’l, Inc., 511 So.2d 766, 767-68 (Fla. 4th DCA 1987); cf. Zayres Dept. Stores v. Fingerhut, 383 So.2d 262 (Fla. 3d DCA 1980) (good faith effort to comply, along with counsel’s confusion as to conditions of compliance, did not amount to willful failure to comply).
We therefore grant the petition for certio-rari and quash the trial court’s order imposing sanctions.