648 So.2d 1230 (1995)
Edwards CUMMINGS, Appellant,
v.
WARREN HENRY MOTORS, INC., and Volvo Finance North America, Inc., a Delaware Corporation, Appellees.
No. 93-1978.
District Court of Appeal of Florida, Fourth District.
January 18, 1995.
*1231 Rebecca J. Covey of Rebecca J. Covey, P.A., and Diane H. Tutt of Diane H. Tutt, P.A., Fort Lauderdale, for appellant.
Roger Barry Davis of Law Offices of Roger Barry Davis, Miami, for appellees.
WARNER, Judge.
In this case after the trial court had given the appellant leave to amend his complaint twice, both of which times appellant stated essentially the same allegations as the original complaint, the trial court dismissed the *1232 case with prejudice on the appellees' motion to dismiss under both Rule of Civil Procedure 1.140 and Rule 1.420. We find that the complaint states a cause of action and that dismissal under Rule 1.420 as a sanction was also error.
Appellant filed a five count complaint against appellees seeking damages due to the defendants' violations of the consumer leasing act, fraud and deceit, deceptive and unfair trade practices, civil theft, and conversion, based upon appellee Warren Henry's conduct in leasing an automobile to appellant. Essentially, appellant thought he was buying a car, but when the documentation was mailed to his home he discovered that the transaction was a lease.
The appellees moved to dismiss appellant's complaint, which the court granted with leave to file an amended complaint containing factual specificity. Instead, appellant filed a new complaint which changed nothing. Appellees moved to dismiss the action pursuant to Rule 1.420, arguing that by filing the same complaint appellant had violated the trial court's order. The trial court found that appellant's conduct of filing an essentially identical complaint was not contumacious but treated the appellee's motion as a renewed motion to dismiss, which was granted. The trial court afforded appellant twenty days to file an amended complaint setting forth "factual specificity" or to file a statement indicating that greater factual specificity cannot be pled, whereupon the court would dismiss the action with prejudice.
Appellant timely filed a second amended complaint. The second complaint made only minor modifications to the previous complaint. Because the changes were nothing of substance, appellee filed a third motion to dismiss on the grounds that the complaint failed to state a cause of action and that the appellant's filing essentially the same complaint the third time was a deliberate and contumacious disregard of the court's order and warranted the extreme remedy of dismissal. While we do not have a transcript of the hearing on the motion to dismiss, the trial court granted the motion and dismissed the case with prejudice. It did not set forth in the order on which ground its dismissal was premised.
Whether the court dismisses an action for a continuing failure to state a cause of action after several attempts or for failing to comply with the order of the court, the vehicle for relief is the same, namely Rule of Civil Procedure 1.420(b). That remedy was available to the trial court despite the allegations that appellant's conduct in filing essentially the same complaint was willful.
However, a dismissal of an action as a sanction for violating an order of the court is error where the court fails to make an express written finding of a party's willful or deliberate refusal to obey a court order. J.E.I. Airlines, Inc. v. Britton, Cassel, Schantz & Schatzman, P.A., 605 So.2d 1009 (Fla. 4th DCA 1992); Commonwealth Federal Savings and Loan Association v. Tubero, 569 So.2d 1271 (Fla. 1990). Because the trial court made no written finding of willful or contumacious disregard of the court's order, we presume that the trial court dismissed the cause for continually failing to state a cause of action. Moreover, the remedy of dismissal as a sanction for "willful disregard" of a court's order requiring amendment of the complaint is unnecessary, as dismissal is always available where the complaint does not state a cause of action.
The dismissal of the complaint as a sanction for violating the court's order to amend the complaint is additionally erroneous when the complaint filed states a cause of action. We have concluded that appellant has sufficiently alleged ultimate facts to state the causes of action he pled. In our state, generally a pleading is sufficient if it sets forth a short and plain statement of the ultimate facts on which the pleader relies and informs the defendant of the nature of the cause of action against him. Fla.R.Civ.P. 1.110(b).
With respect to count I for violation of the Consumer Leasing Act, 15 U.S.C.A. sections 1640, 1667(a) & 1667(d), the appellant alleged multiple violations of the act. Appellees contend that the violations were refuted and inconsistent with the lease document attached to the complaint, citing Harry *1233 Pepper & Associates, Inc. v. Lasseter, 247 So.2d 736 (Fla. 3d DCA 1970), cert. denied, 252 So.2d 797 (1971). Appellees are correct that most of the violations alleged are inconsistent with the written document, but appellant has alleged that appellees did not disclose the trade-in allowance for appellant's automobile which the appellees took in trade, which is not refuted by the contract. While many of the allegations could be struck by the court, the count did not wholly fail to state a cause of action. Similarly, we have reviewed count two of the complaint and find that allegations of each essential element of a cause of action for fraud have been pled.
Appellant next stated a cause of action for violation of Florida's Deceptive and Unfair Trade Practices Act. Fla. Stat. § 501.204, (1991). Appellant's central claim was that appellees used a "bait and switch" tactic in representing the transaction to be a sale in which appellant's car would be paid off at the end of sixty months when in fact appellees had him sign a lease of sixty months at which time the vehicle would not be paid off. Appellees argue that this is not a deceptive trade practice, without furnishing any applicable authority. In Urling v. Helms Exterminators, Inc., 468 So.2d 451 (Fla. 1st DCA 1985), a case decided under the Deceptive and Unfair Trade Practices Act, the court noted that the act did not define what an "unfair or deceptive act" was but that the statute relied heavily on the body of federal decisions interpreting the similar federal act. The court noted that the act applied not merely to unfair and deceptive advertising but to all "unfair or deceptive acts or practices in the conduct of any trade." Id. at 453. The Urling court cited a federal district court decision finding that a practice was "unfair" under the federal statute when it "`offends established public policy and when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" Id. (citing Spiegel, Inc. v. Federal Trade Comm., 540 F.2d 287, 293 (7th Cir.1976)).
The Florida Legislature intended chapter 501 to be construed liberally. See section 501.202. In light of the liberality contemplated under section 501.204, we hold that appellant has stated a cause of action when taking as true, as this court must, his allegations that defendants intentionally concealed from appellant that he was entering into a lease agreement rather than a sales agreement and that he was deprived of his trade-in from his own vehicle.
Appellees' objection to appellant's count for civil theft rests on their contention that appellant did not adequately plead compliance with section 772.11, Florida Statutes, nor did he append the required written demand to his complaint. We disagree. Appellant alleged that all conditions precedent to bringing suit had been complied with. This is sufficient to shift the burden to appellees to deny with specificity and particularity that the required notices were given. See e.g. Ashley v. Lamar, 468 So.2d 433 (Fla. 5th DCA 1985).
Finally, appellees offer no substantial explanation as to why appellant's final count of conversion fails to state a cause of action. Taking the allegations as true that the appellees converted to their own use appellant's prior vehicle, the complaint states a cause of action.
For the foregoing reasons, we reverse the trial court's order dismissing appellant's complaint and remand for further proceedings.
GLICKSTEIN, J., and ALVAREZ, RONALD V., Associate Judge, concur.