# Third District Court of Appeal

## State of Florida

Opinion filed April 28, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1557
Lower Tribunal No. 16-6231
_____

**Yair Barak,**
Appellant,

vs.

**ACS International Projects, Ltd.,**
Appellee.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, Veronica Diaz, Judge.

Yair Barak, in proper person.

No appearance for appellee.[1]

Before FERNANDEZ, LINDSEY, and MILLER, JJ.

MILLER, J.

_____

[1] Appellee was precluded from filing an answer brief.

Through this appeal, appellant, Yair Barak challenges a daily monetary sanction imposed by the trial court to coerce his compliance with certain outstanding post-judgment discovery orders.  It is axiomatic the assessment of a fine in this context must be predicated upon a finding of contempt.  See Channel Components, Inc. v. Am. II Elecs., Inc., 915 So. 2d 1278, 1283 (Fla. 2d DCA 2005) ("Notably, rule 1.380 does not specifically provide for the imposition of a monetary sanction or fine unconnected to the expenses (such as attorneys' fees) caused by the failure to provide discovery.  Thus the assessment of a fine in the discovery context must be predicated upon a finding of contempt.") (citations omitted); Stewart v. Jones, 728 So. 2d 1233, 1234 (Fla. 4th DCA 1999) (holding the "assessment of a fine in the discovery context must be predicated on a finding of contempt") (citations omitted); Fla. Physicians Ins. Reciprocal v. Baliton, 436 So. 2d 1110, 1112 (Fla. 4th DCA 1983) ("Although not authorized by the technical wording of the rule, fines have been held appropriate through the vehicle of contempt in a discovery context.") (citation omitted).  Further, the amount of sanctions must have some bearing upon the harm suffered by the injured party.  See S. Dade Farms, Inc. v. Peters, 88 So. 2d 891, 899 (Fla. 1956) ("[I]n the event that the violation of the decree has resulted in damages to the injured party, there is adequate authority to support the assessment of a 'compensatory fine' to be

paid by the wrongdoing party to the party injured."); H.K. Dev., LLC v. Greer, 32 So. 3d 178, 183 (Fla. 1st DCA 2010) (finding the sanctions order could not be upheld "because no evidence was adduced . . . to prove what relationship, if any, the $31,000 sanction b[ore] to 'reasonable expenses caused by the failure'" to appear for deposition) (citation omitted); A Aaable Bail Bonds, Inc. v. Able Bail Bond, Inc., 626 So. 2d 1105, 1106 (Fla. 3d DCA 1993) ("The trial court's order departs from the essential requirements of the law because it does not comply with Fl[orida] R[ule of] Civ[il] P[rocedure] 1.380(b)(2) which deals with sanctions for violating discovery orders and provides, 'the court shall require the party failing to obey the order to pay the reasonable expenses caused by the failure, which may include attorneys' fees, unless the court finds that the failure was justified or that other circumstances make an award of expenses unjust.'"); see also Fla. R. Civ. P. 1.380(a)(4) ("If the motion is granted and after opportunity for hearing, the court shall require the party or deponent whose conduct necessitated the motion or the party or counsel advising the conduct to pay to the moving party the reasonable expenses incurred in obtaining the order that may include attorneys' fees, unless the court finds . . . other circumstances make an award of expenses unjust."). Here, the record is devoid of any such findings, thus, we reverse and remand for further proceedings.

Reversed and remanded.