BASKIN, Judge.
In its Order Striking Pleadings of Defendant and Entering Default, the trial court found:
1.The Defendant, MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED, has willfully and flagrantly violated and refused to comply with the Florida Rules of Civil Procedure, as they pertain to discovery, and with Orders of the trial court compelling discovery. For example, in the hearing before this Court, conducted on November 12, 1981, Defendant’s counsel admitted and conceded that not a single document, paper or exhibit has ever been delivered to the Plaintiff or her counsel, pursuant to the Request for Production of Documents of April 11, 1979, despite Orders from the Court compelling production of documents, dated July 2, 1979, November 7, 1979, December 14, 1979 and August 12,1981. With regard to the latest Order from the trial court compelling production, dated August 12,1981, not only was production not made, but Defendant did not request an extension of time for the making of production. Excusable neglect has not been demonstrated by the Defendant. Similarly, the Defendant failed to answer Interrogatories when instructed and ordered by the Court to do so.
2. Plaintiff has been prejudiced, in terms of preparation of the liability portion of her case, by virtue of Defendant’s willful refusal to provide discovery.
3. Accordingly, Plaintiff’s Motion for Sanctions be and the same is hereby granted. The pleadings, including the Answer and Affirmative Defenses, of the Defendant, are stricken, and default is hereby entered against the Defendant, MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED.
4. Liability having been determined in favor of the Plaintiff, by virtue of the default provided for herein, this action shall proceed to trial solely on the question of damages, as scheduled on the Court’s two-week jury trial calendar commencing March 15, 1982.
We affirm.
HENDRY, J., dissents.