433 So.2d 676 (1983)
GARDEN-AIRE VILLAGE SEA HAVEN, INC., a Florida Non-Profit Corporation, Appellant,
v.
Robert S. DECKER and Mary A. Decker, His Wife, Appellees.
No. 83-35.
District Court of Appeal of Florida, Fourth District.
June 29, 1983.
*677 Young T. Tindall, Fort Lauderdale, for appellant.
Michael W. Melvin of Kennedy & Melvin, P.A., Fort Lauderdale, for appellees.
PER CURIAM.
This is an appeal from a non-final order in the nature of a default judgment entered against the appellant, defendant below, as a sanction for discovery violations. The order also struck appellant's Unilateral Pre-Trial Stipulation. The issue on appeal is whether imposition of these extreme sanctions constitutes an abuse of discretion.
Appellees reside at the Garden-Aire Village Sea Haven living complex. A sewer backup problem developed at appellees' residence. They filed suit and served appellant with a request to produce. On October 14, 1982, the trial court issued an order requiring appellant to comply with the request to produce by October 18, 1982. Although a response was filed within this four day period, appellees point out that it was deficient in two respects: the signature of appellant did not accompany the response and was not provided until November 2, 1982; the response did not include: (1) the full name and address of a witness; (2) the architects' drawing of sewer lines in the condominium; and (3) the building plan for the condominium. Both parties were late in filing their pretrial stipulation, appellant by four days and appellees by two days. On November 10, 1982, appellees filed a motion for sanctions for failure to comply with the court order. On November 22, 1982, the court entered an order granting the motion for sanctions, striking the answer and affirmative defenses and entering a default judgment. On December 15, 1982, the court denied the defendant's motion for rehearing.
A default judgment should not be entered against a party except in the most "extreme circumstances," Ferrante v. Waters, 383 So.2d 749 (Fla. 4th DCA 1980); Hart v. Weaver, 364 So.2d 524 (Fla. 2d DCA 1978); or where there is a "deliberate and contumacious disregard of the court's authority," Swindle v. Reid, 242 So.2d 751 (Fla. 4th DCA 1970); or where the violation has been committed with a "willful disregard of or gross indifference to an order of the Court... ." Herold v. Computer Components International, Inc., 252 So.2d 576 (Fla. 4th DCA 1971). The purpose of reposing in the trial court the authority to enter a default is to ensure compliance with its order, not to punish or penalize. Allstate Insurance Co. v. Biddy, 392 So.2d 938 (Fla. 2d DCA 1980), pet. for rev. denied, 399 So.2d 1140 (Fla. 1981).
*678 The relevant section of the plaintiff's request to produce is paragraph 3, requesting "[c]opies of all correspondence, memoranda, notes and other written items pertaining to the situation described in the complaint [the sewer backup] and all attempts to investigate or correct same." Appellees argued that the failure to provide the architectural plans for the sewer system as well as the building plan for the entire condominium constituted a failure to comply with this request. However, the general request to supply all "written items pertaining to the situation described in the complaint" lacks the precision which would permit a court to conclude that a willful disregard of the request has occurred under these circumstances. It is entirely conceivable that appellant did not consider these items to pertain to the complaint and thus saw no necessity to turn them over. When failure to comply with a court order is due to confusion or inability rather than gross indifference, a default judgment should not be entered against the noncomplying party. Zayres Dept. Store v. Fingerhut, 383 So.2d 262 (Fla. 3d DCA 1980). Appellees should have specifically requested these documents (we also note that appellant indicates that these two documents are one and the same). As in Swindle, 242 So.2d at 753, "the trial court did not expressly find, and the record does not conclusively reveal, that the plaintiff's failure to produce was a refusal to obey... ." We find, where a reasonable interpretation of the record indicates that a party's failure to comply was due not to a willful refusal, but to inability or confusion, the trial judge abused his discretion by entering the extreme sanction of a default judgment against the non-complying party.
The default judgment was also based upon the failure of appellant to furnish the full name and telephone number of a witness, Craig Bassumian. Default is one of the most severe sanctions available to the court. A sanction must be commensurate with the violation. Hart, 364 So.2d at 525. At the time that appellees sought to invoke this sanction they already possessed the desired information and had previously spoken with the witness. Since the threat of default is to ensure compliance with court orders and not to punish, this remedy was inappropriate where compliance had already occurred. Allstate, 392 So.2d at 942.
A final basis for issuing the default judgment was the failure of appellant to timely file the pretrial stipulation. Responsibility for timely submission of this document is placed upon the plaintiff, but the defendant has a duty to cooperate. The record is somewhat confusing on this issue. It is clear, however, that appellant did eventually submit a unilateral pretrial stipulation, although it was four days late. We note in passing that the appellees were also two days late in this regard. In any event, a four day delay is insufficient justification for entering a default judgment. Especially is this so in view of the fact that the failure to file any pretrial stipulation whatsoever has been held not to constitute so serious an infraction as to warrant a default. Hart.
We therefore reverse the order in all respects and remand with instructions that the matter now be placed in line for final hearing upon appellees' pleadings and upon appellant's pleadings which we hereby reinstate.
REVERSED and REMANDED.
HERSEY, GLICKSTEIN and HURLEY, JJ., concur.