442 So.2d 1048 (1983)
CEM-A-CARE OF FLORIDA, INC., a Florida Corporation, Appellant,
v.
AUTOMATED PLANNING SYSTEMS, INC., an Illinois Corporation, William J. Pailey, Jr., John C. Lilegdon, and Investment Properties Management, Inc., a Florida Corporation, Appellees.
No. 83-1780.
District Court of Appeal of Florida, Fourth District.
December 14, 1983.
*1049 William H. Stolberg of Shankweiler & Stolberg, Fort Lauderdale, for appellant.
Karen Coolman Holmes, of Holmes & Amlong, P.A., Fort Lauderdale, for appellees.
PER CURIAM.
This is an interlocutory appeal from an order striking appellant's defensive pleadings directed to appellees' counterclaim. The main action had been previously disposed of by summary judgment, and only the counterclaim remained set for trial between the parties. The scheduled trial, which had been set and reset several times, was continued at appellant's request. Appellant's actions in having the trial of the counterclaim continued were found by the trial court to be a flagrant, persistent, aggravated and willful attempt to delay and avoid the trial of the case. The court concluded that appellant had flaunted the authority of the court in an extremely dilatory manner. The court specifically found that appellant obtained a stay of the trial conditioned upon the posting of a bond which was never posted. The appellant intentionally chose not to post the bond within a matter of days after the scheduled trial date had passed. The court concluded that appellant's conduct in this regard and over the entire course of the case had been extremely dilatory and aggravated and granted the ultimate sanction of striking the defensive pleadings.
The standard of review for imposition of such a sanction has recently been discussed in Mercer v. Raine, 443 So.2d 944 (Fla. 1983). There, the supreme court applied the Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), standard for reviewing an abuse of discretion. Although Mercer dealt with a sanction for a discovery violation, we think it equally applicable here. When a trial judge expressly finds that a party has willfully and flagrantly abused the system and violated court orders, then the severity of the sanction is within the very broad discretionary area noted in Canakaris. Although subject to review and reversal for abuse, that discretion is expansive and subject to being influenced by the parties' past actions and inactions in the litigation. Here, the court made express findings as to this party's past dilatory actions. Lesser sanctions had been previously imposed for discovery violations under court order. The initial sanction order requiring responses to discovery and taxing attorney's fees was also not obeyed and a further sanction order became necessary. The case was set and reset and set and reset for trial. The last continuance, conditioned on the posting of a bond, was the proverbial straw which produced the order here appealed. We find no abuse of discretion here. Based upon Mercer v. Raine, supra, the exercise of the trial court's discretion herein is affirmed.
AFFIRMED.
BERANEK and HERSEY, JJ., concur.
WALDEN, J., dissents without opinion.