PER CURIAM.
The Florida Bar Judicial Administration Rules Committee has submitted for our consideration a proposed Rule of Judicial Administration 2.071 which would permit the use of communication equipment in conducting motion hearings, pretrial conferences, and status conferences. We have jurisdiction. Art. V, § 2(a), Fla.Const.
The rule is intended to formally adopt standard procedures for using communication equipment which we are advised is currently being informally used in many courts within the state. Because we saw merit and urgency in the proposal but did not wish to adopt it as an emergency rule without the advice of The Florida Bar and interested individuals, we referred the proposal to the Committee for expeditious consideration. We have since received input from that Committee, from The Florida Bar Board of Governors, from circuit and county judges, and from other interested individuals. There is general agreement that such a rule should be adopted but some disagreement as to the scope and content of the rule. We have carefully considered the various comments and recommendations submitted to us and concluded that we should adopt the appended rule. The following is a brief explanation of the rule as approved by this Court.
Subsection (a) provides by definition that the equipment must permit full participation by all parties to the proceeding, including the right to raise objections and conduct cross examination.
Subsection (b) provides that communication equipment may be used for motion hearings, pretrial conferences, or status conferences as directed by the court, either on its own motion or on request of a party. The parties must be given notice, as on any motion, and permitted to be heard prior to directing the use of communication equipment. The decision to use or not use communication equipment, except as noted in subsection (c), would be in the sound discretion of the court. There is no requirement that the motion be in writing or that it be submitted in a fixed time period before the proceeding is to be conducted.
Subsection (c) permits the use of communication equipment, with the consent of all the parties, to take the testimony of a witness. Where juvenile or criminal proceedings are involved, the defendant must be informed of the right to confront witnesses and an informed waiver must be obtained. It should be noted that none of the authorized usages involve the presence of a jury, that by definition the communication equipment must permit objections and cross examinations, and that all parties have an absolute right to prohibit the taking of testimony of a witness by communication equipment. The absolute right must be exercised, however, prior to commencement of the proceeding. Once the proceeding begins, the decision to curtail or abort the use of communication equipment will be in the sound discretion of the court.
*446 Subsection (d) provides for the taxing of costs.
The rule will become effective, nunc pro tunc, January 1, 1985, at 12:01 a.m. No rehearing will be allowed.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
RULE OF JUDICIAL ADMINISTRATION 2.071
USE OF COMMUNICATION EQUIPMENT
(a) Definition
Communication equipment means a conference telephone or other electronic device that permits all those appearing or participating to hear and speak to each other, provided that all conversation of all parties is audible to all persons present.
(b) Use
A county, circuit or district court judge may, upon the Court’s own motion or on the request of a party, direct that communication equipment be used for a motion hearing, pretrial conference, or a status conference. A judge must give notice to the parties and consider any objections they may have to the use of communication equipment before directing that communication equipment be used. The decision to use communication equipment over the objection of parties will be in the sound discretion of the trial court, except as noted below.
(c) Testimony
A judge may, with the consent of all the parties, direct that the testimony of a witness be taken through communication equipment. In juvenile and criminal proceedings the defendant must make an informed waiver of any confrontation rights that may be abridged by the use of communication equipment.
(d) Burden of Expense
The cost for the use of the communication equipment is the responsibility of the moving party unless otherwise directed by the Court.