492 So.2d 399 (1986)
UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant,
v.
Linda V. STRASSER, Etc., Appellees.
No. 85-2657.
District Court of Appeal of Florida, Fourth District.
June 4, 1986.
Rehearing and Rehearing Denied August 27, 1986.
Peterson & Fogarty, P.A., West Palm Beach and Steven R. Berger of Steven R. Berger, P.A., Miami, for appellant.
Casandra A. Snapp of Law Offices of Mathison & Deckert, West Palm Beach, for appellees.
Rehearing and Rehearing En Banc Denied August 27, 1986.
GLICKSTEIN, Judge.
This is an appeal of a non-final order, the nature of which was to grant a motion for contempt and sanctions, strike a defendant's answer and enter a default. We reverse all of the order except as to the assessment of attorney's fees and costs which we affirm.
Linda V. Strasser, as personal representative of the estate of her decedent, Harold S. Strasser, sued United Services Automobile Association (USAA) in a declaratory judgment action. Mrs. Strasser's husband had been killed in an automobile accident, and the purpose of the suit was to establish the amount of uninsured/underinsured motorist insurance coverage available under policies of insurance and statutory provisions. Mrs. Strasser thought the amount was $200,000, whereas USAA alleged it *400 was $165,000. Mrs. Strasser's complaint, interrogatories and request for production were all served on USAA's registered agent on December 18, 1984. USAA served its answer January 21, 1985, denying the claim to $200,000 in benefits, but admitting underinsured motorist coverage of $135,000. USAA also served interrogatories and a request to produce on plaintiff, during this time, and plaintiff promptly responded.
On February 20, 1985, plaintiff/appellee Mrs. Strasser served a motion to compel, alleging that responses to her interrogatories and request for production were due by February 11, 1985 (forty-five days plus five days for mailed responses), but had not yet been received. On February 27, 1985, an agreed order was entered on the motion to compel, requiring USAA to answer the interrogatories and respond to the production request within ten days. USAA responded to the production request on March 20 and 21, 1985 and served its answers to plaintiff's interrogatories on March 21, 1985. USAA's answers to the interrogatories apparently were signed and sworn February 25, 1985, but were not served until twenty-four days after signing and twelve days after the deadline under the agreed order.
On May 7, 1985, plaintiff Mrs. Strasser served requests for admissions. USAA responded June 7, 1985. Mrs. Strasser served a second set of interrogatories July 3, 1985. She served a motion to compel on September 5, 1985, having received no answers. An order was entered September 11, 1985, granting Mrs. Strasser's motion to compel answers and requiring USAA to answer within ten days.
On October 2, 1985, Mrs. Strasser filed and served her motion for sanctions. This motion was set for hearing at 8:45 a.m., Tuesday, October 25, 1985. On October 14, 1985, Columbus Day, USAA's answers to the second set of interrogatories were hand-delivered (certificate of service says served by mail) to plaintiff's attorney. On October 15, 1985, plaintiff served a motion for contempt and sanctions for failure timely to respond to discovery, and for incomplete responses. The October 15, 1985, motion was set for hearing October 17, 1985. The order here sought to be reviewed was entered as a result of that motion. The order struck USAA's answer and motion to strike and entered a default against USAA. USAA was found to be in contempt, and attorney's fees, costs and interest were granted plaintiff, the amount to be assessed later. This appeal followed.
The restated issue is whether the trial court grossly abused its discretion when it struck appellant's pleadings and entered a default against appellant, because the record fails to demonstrate willful refusal to comply with discovery orders or prejudice to appellee, and all extant discovery requests have been complied with, albeit tardily. We conclude that it did.
In the relatively recent case of Mercer v. Raine, 443 So.2d 944 (Fla. 1983), the plaintiffs filed a complaint September 14, 1979, alleging breach of contract for sale of a hotel, and together with the complaint served a request for admissions and a request for production. Ten days afterward the plaintiffs sent defendant a set of interrogatories. Defendant rather promptly filed a motion to dismiss, a motion to extend the time to respond to the requests to produce and for admissions, and an objection to the interrogatories contending defendant should not have to respond until after a hearing on the motion to dismiss. On November 27, 1979, the trial court entered an order denying the defendant's motion to dismiss and requiring the defendant to respond to all pending discovery within twenty days. The defendant filed his answer within a few days, but neither complied with the discovery order nor moved for an extension of time, nor did he communicate with the court respecting any mitigating circumstances during the twenty-day period granted for complying with discovery.
On December 26, 1979, the plaintiffs filed a motion to strike defendant's affirmative defenses. On January 14, 1980, plaintiffs filed a motion for sanctions. On January *401 11, 1980, defendant's counsel moved to withdraw, citing nonpayment and defendant's lack of assistance in responding to discovery among other grounds. The plaintiffs' pending motions and the defendant's counsel's motion to withdraw were all heard on February 7, 1979. The trial court granted counsel's motion to withdraw and the plaintiffs' motion for sanctions. In connection with the latter the trial court struck the defendant's answer, entered a default judgment against him and ordered him to pay plaintiffs' costs and fees occasioned by his refusal to comply with the discovery order. The Fourth District Court of Appeal affirmed, Mercer v. Raine, 410 So.2d 931 (Fla. 4th DCA 1981). This court cited Farish v. Lum's, Inc., 267 So.2d 325 (Fla. 1972). There the Florida Supreme Court had stated that the trial judge must be in a position to exercise discretion, since the one who sees the parties first hand is more fully informed of the situation than the appellate court. The supreme court indicated in Farish that a trial court's decision to excuse or refuse to excuse noncompliance with rules must be affirmed unless there are facts showing the trial court abused its discretion. 267 So.2d at 327-28.
The supreme court, in reviewing this court's short per curiam decision in Raine, quoted the Farish paragraph paraphrased above, as well as the paragraph on the review of a trial court's discretionary act found in Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980). The essence of that paragraph is that if reasonable men can differ on the propriety of the trial court's action, there can have been no abuse of discretion. The court noted the trial court had found that the defendant in Raine knew what was going on and totally disregarded the consequences of the pending action. The court concluded such facts would support the conclusion his conduct was willful. The court noted the sanctions imposed in Raine are authorized in Florida Rule of Civil Procedure 1.380 when a defendant fails to comply with the court's order. The court granted that the sanctions imposed were severe, but could not say they were inappropriate. Evidently, a factor in the court's reasoning was the lack of any showing the defendant either attempted to comply with the discovery order or gave the court any explanation or excuse.
The court implied the result might be different if there was no evidence the defendant willfully disregarded an order of the court, or if the defendant's counsel rather than the defendant were the one at fault. In closing the supreme court wrote the following:
We agree that the striking of pleadings or entering a default for noncompliance with an order compelling discovery is the most severe of all sanctions which should be employed only in extreme circumstances. Hart v. Weaver, 364 So.2d 524 (Fla. 2d DCA 1978). A deliberate and contumacious disregard of the court's authority will justify application of this severest of sanctions, Swindle v. Reid, 242 So.2d 751 (Fla. 4th DCA 1970), as will bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness, Herold v. Computer Components International, Inc., 252 So.2d 576 (Fla. 4th DCA 1971). In Santuoso, the Third District Court of Appeal reversed the trial court because the order entering default against the defendants for failing to comply with discovery did not recite that Santuoso's failure to submit to discovery was willful. 385 So.2d at 114. In the instant case the trial court found that the defendant's actions amounted to willful disregard. Accordingly, we approve the decision of the District Court of Appeal.
443 So.2d at 946-47. The Santuoso reference is to Santuoso v. McGrath & Associates, Inc., 385 So.2d 112 (Fla. 3d DCA 1980). It was because of apparent conflict between this court's decision in Raine and the third district court's decision in Santuoso that the supreme court reviewed Raine.
Appellee relies chiefly upon Raine as support for the trial court's imposition of severe sanctions in the instant case. Indeed, *402 the trial court cited as authority, in the order granting plaintiff's motion for contempt and sanctions, both Raine and Continental Casualty Company v. Morgan, 445 So.2d 678 (Fla. 4th DCA 1984). In the latter case, Judge Barkett had granted a motion for contempt and sanctions on a finding of contempt. In that case, after the appellant objected to many of the plaintiff/appellee's requests to produce, the court held a hearing, and sustained some objections while overruling others. In the instances in which the court overruled the objections it ordered compliance within thirty days. The appellant petitioned for review by certiorari, and in connection with a motion to stay in the trial court, indicated it would comply with the order if certiorari was denied. Certiorari was denied, whereupon appellant answered "none" to all but one of plaintiff/appellee's requests. Judge Barkett found appellant's conduct to be an outrageous abuse of the discovery process, and imposed, as a sanction, plaintiff's reasonable attorney's fees and costs incurred because of the production problems. This court affirmed.
In the instant case the trial court likewise stated in its order granting the motion for contempt and sanctions that defendant/appellant's conduct was an outrageous abuse of the discovery process. According to Raine, with all due deference to the trial court, the court's action must be reasonable, or it may be found to be an abuse of discretion. The order in the instant case does not specify the behavior the court found to be outrageous abuse of the discovery process, albeit it may be reasoned the reference is to the conduct described in the plaintiff's motion.[1]
Although Mercer v. Raine was published later than Garden-Aire Village Sea Haven, Inc. v. Decker, 433 So.2d 676 (Fla. 4th DCA 1983), we conclude that the principles stated in Decker remain good law, particularly:
A default judgment should not be entered against a party except in the most "extreme circumstances," Ferrante v. Waters, 383 So.2d 749 (Fla. 4th DCA 1980); Hart v. Weaver, 364 So.2d 524 (Fla. 2d DCA 1978); or where there is a "deliberate and contumacious disregard of the court's authority," Swindle v. Reid, 242 So.2d 751 (Fla. 4th DCA 1970); or where the violation has been committed with a "willful disregard of or gross indifference to an order of the *403 Court... ." Herold v. Computer Components International, Inc., 252 So.2d 576 (Fla. 4th DCA 1971). The purpose of reposing in the trial court the authority to enter a default is to ensure compliance with its order, not to punish or penalize. Allstate Insurance Co. v. Biddy, 392 So.2d 938 (Fla. 2d DCA 1980), pet. for rev. denied, 399 So.2d 1140 (Fla. 1981).
Id. at 677.
It may well be true that in the instant case USAA has been dragging its feet. It is probably also true that USAA's conduct has been worse than the appellant's in Decker. On the other hand, its conduct has been much less egregious than the appellant's in Raine or in any of the other cited cases where the most extreme sanction was imposed and affirmed. In those cases there was outright noncompliance with discovery orders; here, there was consistent tardiness in complying, and in the last instance appellant's response was alleged to be deficient; but answers and responses there were to all.
In light of the principle that justice prefers decisions based on the merits to default judgments, the sanction of a default appears extreme for the violations involved in the present case. Cf. Decker, 433 So.2d at 678 ("A sanction must be commensurate with the violation... . [T]his remedy [default] was inappropriate where compliance had already occurred.")
It is true, as appellee observes, that the cases cited reversing defaults and involving discovery violations all predate Raine. This may be only because no proper cases for reversal have reached the appellate courts since Raine. We hold that it is not reasonable to impose the ultimate sanction in the present case; therefore, on the facts, the trial court did abuse its discretion in granting the default in favor of plaintiff/appellee. All orders had been complied with, albeit tardily, at the time of the hearing. If the most recent responses were inadequate, there ought to have been an order to give more complete responses before there was a penalty for their insufficiency. Cf. Herold v. Computer Component International, Inc., 252 So.2d 576 (Fla. 4th DCA 1971) (Not entirely responsive answers are to be distinguished from refusal to comply with an order compelling a party to answer). We see no reason for concluding that all pre-Raine decisions are out of date, particularly when many of them are cited with favor in Raine. For example, in Raine, the supreme court wrote:
There was no showing that the defendant either attempted to comply with the discovery order or communicated any explanation or excuse to the court by the time the plaintiffs' motion was heard. Cf. Herold v. Computer Components International, Inc., 252 So.2d 576, 581 (Fla. 4th DCA 1971).
This suggests that had there been such a showing in Raine, the extreme sanction would have been inappropriate. In fact, getting back to basics, Florida Rule of Civil Procedure 1.380(b) authorizes sanctions for failure to answer. It can be inferred from this language in Raine that for the purpose of section (b) of the rule, failure to answer does not include incomplete answers; for the inclusion of incomplete answers within failure to answer, stated in rule 1.380(a)(3), contains the language "this subdivision," and thus appears to be limited in application to rule 1.380(a), and not to apply to rule 1.380(b).
The sanction of assessing reasonable attorney's fees and costs incurred because of appellant's conduct is more nearly commensurate with the offense, and we allow it to stand.
ANSTEAD and GUNTHER, JJ., concur.
NOTES
[1] Appellee further supports the trial court's action with three other rather recent Florida appellate court decisions. In Morales v. Perez, 445 So.2d 393 (Fla. 3d DCA 1984), a default judgment in favor of the plaintiff/appellee was appealed. The default judgment had been entered at a pretrial conference as a sanction against the appellant/defendant's repeated and willful violations of discovery rules, culminating in his attorney's failure to appear at the scheduled pretrial conference. We are not told what the other violations were. The appellate court affirmed, finding no abuse of discretion.

In Merrill Lynch Pierce Fenner & Smith, Inc. v. Haydu, 413 So.2d 102 (Fla. 3d DCA 1982), the district court set forth in full the findings of the trial court in granting sanctions. This information is most helpful. There, appellant was held to have willfully and flagrantly violated and refused to comply with discovery rules and with court orders compelling discovery. At hearing, appellant's counsel admitted not a single document, paper or exhibit had ever been delivered to appellee or her attorney, although there had been three orders compelling production of documents, the last of them three months prior to the hearing on the sanctions motion. On the last of those orders to compel, there had been no motion for extension of time, and appellant had shown no excusable neglect. Appellant's conduct as to interrogatories was described as similar. The trial court granted the sanctions motion. It struck the defendant/appellant's answer and affirmative defenses, and entered a default against it. The appellate court affirmed without comment.
Finally, in Johnson v. Allstate Insurance Co., 410 So.2d 978, 980 (Fla. 5th DCA 1982), dismissal of plaintiff's action, because she had failed to comply with a discovery order, was affirmed. Plaintiff had incompletely and evasively replied to an interrogatory. On defendant's motion she was ordered to give a better answer. This answer too was deemed deficient, and she was again ordered to give a better answer. This order detailed what was expected and allowed thirty days for the answer. When there was no response, the defendant moved again for sanctions, and the court again gave the plaintiff thirty days to respond, on pain of dismissal of the complaint. There was no response, and the cause was dismissed. The appellate court, in affirming, observed that a party ignores a valid order of court at its own peril.