564 So.2d 221 (1990)
U.S.B. ACQUISITION CO., INC., a Florida Corporation, Appellant,
v.
U.S. BLOCK CORPORATION, et al., Appellees.
Nos. 88-2061, 89-0076 and 89-0158.
District Court of Appeal of Florida, Fourth District.
July 11, 1990.
Larry Klein of Klein & Walsh, P.A., West Palm Beach, and Gary Dytrych & Ryan, North Palm Beach, for appellant.
Philip M. Burlington and Russell S. Bohn of Edna L. Caruso, P.A., and Slinkman, Thillman & Beamer, P.A., West Palm Beach, for appellees.

ON MOTIONS FOR REHEARING AND REHEARING EN BANC
GARRETT, Judge.
We grant appellees' motion for rehearing and substitute the following for our opinion filed on May 9, 1990, but deny appellees' motion for rehearing en banc:
We sua sponte consolidate the cases for opinion purposes.
U.S. Block Acquisition Co., Inc. (Acquisition), appeals the final order which struck its complaint as the sanction for failing to comply with a discovery order. The other issues pertain to the awarding of attorney's fees which the parties agree are dependent upon the outcome of this appeal.
In November of 1987, Acquisition filed a complaint and shortly thereafter appellees (defendants below) served notice to produce fifty-one classes of documents. Acquisition did not file any objection to the requested discovery. A month later, appellees filed a motion to compel production of *222 the documents requested in paragraphs 15, 20, and 24 of the original discovery notice. Acquisition's counsel agreed to furnish all other documents. Later that same month, the trial court granted the motion and compelled (but without setting a date for Acquisition's compliance) the production of the documents in paragraphs 15 and 20. In February of 1988, appellees' counsel wrote Acquisition's counsel to obtain the "missing" discovery and was informed that the documents would be forwarded when received from the client. In March, 1988, appellees sent a second letter as their final demand for the discovery. In May of 1988, appellees filed a second motion to compel production and sought sanctions. On the day before the scheduled hearing, Acquisition substantially complied with the discovery order, but failed to supply the requested correspondence and a complete list of all litigation. Nevertheless, the trial judge granted appellees' motion and imposed dismissal of the complaint as the sanction for violating discovery procedures.
The dismissal of a complaint for failure to respond to a request for production does not require that a court order be violated. Wallraff v. T.G.I. Friday's, Inc., 490 So.2d 50 (Fla. 1986). Thus, the lack of a compliance date in the order compelling discovery is not dispositive. Neither is the fact that no prejudice was shown (the case was not at issue and the discovery was less than eight months overdue). Lack of prejudice is irrelevant for "the purpose of reposing in the trial court the authority to [dismiss] is to ensure compliance with its order, not to punish or penalize... ." Garden-Aire Village Sea Haven, Inc. v. Decker, 433 So.2d 676 (Fla. 4th DCA 1983). Moreover, a trial court may consider prior discovery procedure violations in fashioning a sanction for noncompliance. See Cem-A-Care of Fla., Inc. v. Automated Planning Sys., Inc., 442 So.2d 1048 (Fla. 4th DCA 1983).
However, the right of access to our courts is constitutionally protected and should be denied only under extreme circumstances. Art. I, § 21, Fla. Const. To strike pleadings for failure to comply with a discovery order is the most severe of all sanctions and should be resorted to only in extreme circumstances. Mercer v. Raine, 443 So.2d 944 (Fla. 1983). Only a deliberate and contumacious disregard of the court's authority, bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness will justify a dismissal of pleadings for a violation of discovery procedures. Herold v. Computer Components Int'l, Inc., 252 So.2d 576 (Fla. 4th DCA 1971); Swindle v. Reid, 242 So.2d 751 (Fla. 4th DCA 1970). An outright noncompliance with discovery orders may justify the dismissal of pleadings, mere foot dragging usually does not. See United States Automobile Ass'n v. Strasser, 492 So.2d 399 (Fla. 4th DCA 1986), rev. denied, 501 So.2d 1283 (Fla. 1987).
The scope of our appellate review is to determine whether the trial judge abused his discretion by dismissing appellant's complaint for the discovery procedure violations. We find that he did. The most extreme sanction, dismissal of the complaint, should not have been imposed. Because Acquisition timely delivered a substantial portion of the requested documents the trial judge should have imposed some lesser sanction.
Accordingly, we reverse the final order of dismissal and remand for further proceedings consistent with this opinion. Further, we reverse the awards of attorney's fees without prejudice to the eventual prevailing party to seek attorney's fees at the conclusion of the case.
DELL, J., concurs.
GLICKSTEIN, J., dissents with opinion.
GLICKSTEIN, Judge, dissenting.
When this court concludes, by a split panel, that no reasonable person could conclude as a trial court has decided, we are sending a skewed message. The majority has so concluded without expressly saying that it has reached such conclusion. I disagree with the majority's conclusion and would not substitute our judgment for that *223 of the trial court. There is, however, one change in my original dissent as to the events of May 31, 1988.
The material facts reflect:
November 3, 1987  Suit is filed. Shortly thereafter appellee/defendant serves appellant/plaintiff a notice to produce, requesting 51 classes of documents.
December 8, 1987  Appellee/defendant files a motion to compel production of documents in paragraphs 15, 20, 24. Counsels agree on the other documents.
Interim * * * Appellant/plaintiff does not seek a protective order.* * *
December 23, 1987  Court grants motion to compel and orders production of documents in all the paragraphs excepting a principal's personal finances as to paragraph 24 documents.
APPELLANT EMPHASIZES THE ORDER DID NOT SPECIFY A DATE FOR PRODUCTION.
February 12, 1988  Defendant's counsel writes plaintiff's counsel a seven-page letter pointing out, inter alia, that the documents requested by paragraphs nos. 15, 20, and 24, have not been produced.
February 22, 1988  Counsel for plaintiff responds by stating information will be forwarded when counsel receives it from client.
March 9, 1988  Appellee/defendant sends final demand letter requesting documents in compliance with December 23, 1987 order compelling discovery.
* * *No response* * *
May 26, 1988  Appellee/defendant files third motion regarding discovery abuse requesting sanctions. Hearing is scheduled for June 1, 1988.
May 31, 1988  [Day before hearing] Appellant partially complied with the order, but failed to supply the requested correspondence and a complete list of all litigation.
June 1, 1988  Court hears motion for sanctions and takes defendant's motion under advisement.
Interim: * * *No further compliance* * *
June 14, 1988  Court strikes plaintiff's pleadings as sanction for discovery violations stating in part:
The record in this case demonstrates that Plaintiff has engaged in a pattern of discovery misconduct which has culminated in the conduct sought to be sanctioned in Defendants' third motion for sanctions. Plaintiff has previously failed to provide answers to interrogatories in a timely manner and, after this Court entered an Order requiring that the answers be provided, failed to comply with that Order. As a result, the Defendants had to file two (2) motions for sanctions seeking compliance. This Court granted the second motion and assessed attorney's fees against Plaintiff.
Nonetheless, the Plaintiff's misconduct continues in its failure to produce documents properly requested by the Defendants on November 3, 1987 and needed for Plaintiff's deposition scheduled last December. Despite the fact that no objections to the request to produce were timely filed, the Plaintiff failed to produce the documents... .
... The Plaintiff has failed to provide any explanation or excuse for its conduct. Therefore, this Court is compelled to conclude that the refusal to produce the documents constitutes a deliberate and continuous disregard of the Court's authority and that Plaintiff's conduct exhibits bad faith, willful disregard or, at a minimum, gross indifference to the Order of this Court. (Emphasis added.)
The several points appellant makes to demonstrate the trial court grossly abused its discretion in striking the pleadings can be readily dismissed. First, and most heavily relied upon, the December 23, 1987, order compelling discovery was not, as appellant contends, merely an order responding to plaintiff's objections. Rather, plaintiff/appellant, as the court notes in its final order, failed to properly object by requesting a protective order and wilfully disregarded *224 discovery procedures until appellee sought court enforcement.
A party's failure to serve a response to a request for production may not be excused on the ground that the discovery is objectionable unless the party has applied for a protective order. Trawick, Fla.Prac. & Proc. § 16-13 (1988); cf. Wallraff v. TGI Fridays, Inc., 490 So.2d 50 (Fla. 1986) (failure to attend deposition without first seeking protective order may merit dismissal, but not here as court failed to make any finding as to wilful disregard of discovery procedures); Al Barnett and Son, Inc. v. Outboard Marine Corp., 611 F.2d 32 (3d Cir.1979) (litigants cannot frustrate discovery by noncompliance; they must first seek a protective order).
In Wallraff the court held dismissal does not require a violation of a court order [compelling discovery], where a party has wilfully failed to comply with discovery procedures. This holding directly opposes the emphasis appellant places upon the fact that the court sub judice failed to specify a date for compliance in its order compelling compliance. Appellant claims the court's failure to set a date for production in its order compelling discovery supports his theory that the court was merely responding to his objections. However, as already indicated discovery does not allow one party to sit idle, ignoring the automatic functioning of the discovery process. Moreover, accepting appellant's contention for argument's sake, under Wallraff, even before the court's order compelling compliance, appellant violated discovery orders and was sanctioned. Appellant's attitude of sitting by idly in this later discovery incident supported the court's finding of wilful disregard for discovery procedures.
Finally, appellant's argument that substantial compliance by the time of the hearing on the third motion for sanctions averted any prejudice evades one of the primary purposes of discovery sanctions. As noted in the facts, appellant stalled from December 23, 1987, until the day before the hearing, May 31, 1988, even after ordered to produce the documents. The day before the hearing, plaintiff complied with the December 23, 1987, order, except appellant supplied a list of only pending litigation when non-pending litigation was requested as well.
Appellant's citation to Garden-Aire Village Sea Haven v. Decker, 433 So.2d 676 (Fla. 4th DCA 1983), with slightly different emphasis, beautifully demonstrates why the resulting lack of prejudice is irrelevant sub judice. Therein, this court stated: "The purpose of reposing in the trial court the authority to enter a default is to ensure compliance with its order, not to punish or penalize." Id. at 677 (emphasis added). Moreover, a deliberate and contumacious disregard of the court's authority will justify application of the severest sanction. Swindle v. Reid, 242 So.2d 751 (Fla. 4th 1970). Appellant contends that the court was penalizing it insofar as no prejudice resulted from its eleventh-hour compliance. However, after wilful repeated noncompliance, demonstrating a total disregard for the court's authority, the lack of resulting prejudice does not override the court's interest in enforcing its order.
In my opinion, the court viewed the entire record and stated in the final order that in light of prior discovery violations, separately sanctioned but indicative of disregard for the court's authority, the repeated noncompliance with discovery orders merited the extreme sanction of striking the pleadings. Thus, the trial court did not abuse its discretion: reasonable persons could differ as to the propriety of the trial court's requisite finding that appellant deliberately disregarded the court's authority and demonstrated bad faith, wilful disregard or at least gross indifference justifying dismissal. Mercer v. Raine, 443 So.2d 944 (Fla. 1983); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
Finally, contrary to appellant's view, a court may consider a previously sanctioned discovery violation in determining whether to sanction a party with dismissal. See Cem-A-Care of Florida, Inc. v. Automated Planning Sys., Inc., 442 So.2d 1048 (Fla. 4th DCA 1983).
In Wood v. Fortune Ins. Co., 453 So.2d 451, 452 (Fla. 4th DCA 1984), I affirmed *225 the trial court's finding of excusable neglect stating, "We judges, lawyers, secretaries and others involved in the process are all here to serve the parties' rights and see that their remedies, as plaintiff or defendant, see the light of day." The majority opinion says, perhaps more eloquently, the same thing in the present case; however, Wood later stated, "[t]his opinion is not to be construed as a license for indifference and inefficiency." Id. at 452. As a reviewing judge in this case, I believe it inappropriate to provide such license when the trial court decided otherwise.