PER CURIAM.
First Union National Bank of Florida, [hereinafter First Union], appeals the lower *296 court’s order dismissing its amended complaint with prejudice, pursuant to Florida Rule of Civil Procedure 1.420(b)[1] for failure to comply with a court-ordered fifteen-day filing requirement and on the ground of laches. We agree that the dismissal of First Union’s complaint with prejudice was an excessively harsh sanction under the facts of this case, and we reverse.
First Union is the successor by merger to First Bankers, N.A., the personal representative of the reopened estate of appellee Hartle’s father. The estate was reopened by appellee’s stepmother who sought recovery of $320,000.00 in lost bonds. First Union filed a complaint against Hartle, alleging that he converted the missing bonds. When Hartle did not file an answer, a default was entered against him. Hartle moved to vacate the default, quash service of process, and abate for lack of personal jurisdiction. The lower court granted Hartle’s motion, stating in part: “Plaintiff has 15 days from the date of this order to file an amended complaint which must then be served pursuant to appropriate law.”
First Union failed to comply with the court ordered fifteen day filing requirement, due in part to “matters of a personal nature” which counsel for First Union had experienced. First Union filed an amended complaint approximately 75 days after the court’s deadline. Hartle moved to dismiss, and the court granted Hartle’s motion and dismissed the amended complaint with prejudice “on the grounds of failure to comply with [the] court’s order of November 10, 1987 (see Fla.R.Civ.P. 1.420(b)) and for lach-es.”
First Union raises two points on appeal. First, it argues that dismissal with prejudice was too harsh a sanction in this case, and second, it contends that the lower court erred when it sua sponte considered the issue of laches which is an affirmative defense and therefore not properly raised on a motion to dismiss. We address both issues in turn.
In the context of Florida Rule of Civil Procedure 1.380(b)(2)(C)[2] it has been noted that dismissal of an action with prejudice is the most severe sanction, and should be employed only in extreme circumstances. Wallraff v. T.G.I. Fridays, Inc., 490 So.2d 50 (Fla.1986); Mercer v. Raine, 443 So.2d 944 (Fla.1983); U.S.B. Acquisition Co. v. U.S. Block Corp., 564 So.2d 221 (Fla. 4th DCA 1990); Ferrante v. Waters, 383 So.2d 749 (Fla. 4th DCA 1980). Circumstances justifying this severe sanction include a litigant’s “deliberate and contumacious disregard of the court’s authority, bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness ” U.S.B. Acquisition Co., 564 So.2d at 222. “An outright noncompliance with discovery orders may justify the dismissal of pleadings, mere foot dragging usually does not.” Id.
Appellant argues that dismissal of an action with prejudice under rule 1.420(b) is just as severe a sanction as under 1.380(b)(2)(C), and therefore the finding of willful disregard or gross indifference required to justify dismissal under the former, should also be applied to the latter. Appellee, on the other hand, cites several cases standing for the proposition that dismissal of an action with prejudice under rule 1.420(b) is not an abuse of discretion when a litigant fails to comply with a court imposed filing deadline. New River Yachting Center v. Bacchiocchi, 407 So.2d 607 (Fla. 4th DCA 1981); Clifford Ragsdale Inc. v. Morganti, Inc., 356 So.2d 1321 (Fla. *297 4th DCA 1978) Neida’s Boutique, Inc. v. Gabor and Co., 348 So.2d 1196 (Fla. 3d DCA 1977); Miami Auto Auction v. Friendly Enters., Inc., 257 So.2d 69 (Fla. 3d DCA 1972); E & E Elec. Contractors, Inc. v. Singer, 236 So.2d 195 (Fla. 3d DCA 1970).
We recognize that the imposition of sanctions under rule 1.420(b) is within the sound discretion of the trial court, nonetheless, we believe that under the circumstances presented in the instant case, the lower court erred. We agree with appellant that dismissal with prejudice in the instant case sanctions the litigant too severely, when the litigant’s attorney was responsible for the noncompliance. See Wallraff, 490 So.2d at 52. This is especially true when the trial court’s order requiring appellant to file its amended complaint within fifteen (15) days did not indicate that failure to comply with that order would result in dismissal of the action.
Further, the trial court erred in its reliance on the affirmative defense of laches as a ground for dismissal of appellant’s complaint. Kornaker v. Payor, 565 So.2d 899 (Fla. 5th DCA 1990).
The order dismissing appellant’s complaint with prejudice is reversed.
HERSEY, C.J., POLEN, J., and RIVKIND, LEONARD, Associate Judge, concur.

. Rule 1.420(b) provides in pertinent part:
(b) Involuntary Dismissal. Any party may move for dismissal of an action or of any claim against him for failure of an adverse party to comply with these rules or any order of the court.

. Rule 1.380(b)(2)(C) provides in pertinent part: (b)(2) If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make any of the following orders:
(C) An order striking out pleadings or parts of them or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part of it, or rendering a judgment by default against the disobedient party.