PER CURIAM.
Dorothy P. Roache appeals the final order that dismissed her complaint with prejudice for failure to comply with discovery orders. We reverse and remand for further proceedings.
During the course of discovery, appellant submitted a response to appellee’s initial request for production, answers to interrogatories, a response to appellee’s second request for production, two supplemental responses to the requests for production, and two supplemental answers to the interrogatories. She also gave a four hundred forty-four page deposition and agreed to make her “bulky” books and records available to appellee for inspection or copying.
Appellee filed a motion for sanctions that sought “an Order striking [appellant’s] pleadings and dismissing [appellant’s] Complaint in the event that documentation sought by [appellee] ... is not produced unthin ten (10) days or, in the case of bulky business records, is [sic] not produced no later than 72 hours prior to any depositions scheduled in Jamaica.” [Emphasis added.][1] At the hearing, the trial court entered the appealed order.
We hold that the trial court abused its discretion when it immediately struck appellant’s pleadings and dismissed her complaint in response to the motion that only sought those sanctions if compliance did not occur in the future.
We also hold that the trial court abused its discretion when it struck the pleadings and dismissed the complaint because appellant’s conduct was “egregious” with “barely a scintilla of a good faith to comply” with discovery. This court in U.S.B. Acquisition Co. v. U.S. Block, 564 So.2d 221 (Fla. 4th DCA), rev. denied, 574 So.2d 144 (Fla.1990), stated:
To strike pleadings for failure to comply with discovery orders is the most severe of all sanctions and should be resorted to only in extreme circumstances. Mercer v. Baine, 443 So.2d 944 (Fla.1983). Only a deliberate and contumacious disregard of the court’s authority, bad faith, willful disregard or gross indifference to an order of the court or conduct which evinces deliberate callousness will justify a dismissal of pleadings for a violation of discovery procedures. Herold v. Computer Components Inti, Inc., 252 So.2d 576 (Fla. 4th DCA 1971); Swindle v. Reid, 242 So.2d 751 (Fla. 4th DCA 1970). An outright noncompliance with discovery orders may justify the dismissal of pleadings, mere foot dragging usually does not. See United States Automobile Ass’n v. Strasser, 492 So.2d 399 (Fla. 4th DCA 1986), rev. denied, 501 So.2d 1283 (Fla.1987).
Id. at 222.
On remand, the trial court may consider whether to impose a different sanction.
REVERSED AND REMANDED.
*1242 WARNER and GARRETT, JJ., concur.
GLICKSTEIN, C.J., dissents with opinion.

. It appears that appellee’s counsel sought the motion so that his trip to Jamaica to conduct further discovery would not be frustrated due to missing documents or unavailable records.