GLICKSTEIN, Chief Judge,
dissenting.
Regrettably, as in U.S.B. Acquisition Co. v. U.S. Block, 564 So.2d 221 (Fla. 4th DCA), rev. denied, 574 So.2d 144 (Fla.1990), I am unable to agree with my colleagues that the trial court was in error. Accordingly, I respectfully dissent and would affirm the trial court. The record supports a finding that appellant wilfully disregarded the trial court's orders to produce documents supportive of appellant’s allegations of economic loss. Insofar as appellant substantially failed to produce such discovery, the trial court did not abuse its discretion by dismissing her case in lieu of entering a third order to produce the requested documents.
On December 12, 1988, appellant sued AmeriFirst Bank for malicious prosecution, defamation, and negligence in handling her mortgage and filing a foreclosure complaint. On April 6,1989, AmeriFirst served its initial request for production upon appellant, alleging appellant had completely failed to respond to either the request for production or the interrogatories. Most of the production sought evidence of appellant’s economic loss. On August 8, 1989, the trial court granted AmeriFirst’s Motion to Compel.
However, on August 24, 1989, Ameri-First filed a second motion to compel, insofar as appellant had not supplied numerous documents requested as to economic loss. Appellee objected to appellant’s response that “more documents will be provided as located by appellant,” claiming to be unable to properly prepare a defense without the unobjected to discovery. Appellee further specified other documents regarding economic loss that had not been forthcoming. AmeriFirst also served on appellant a second request for documents pertaining to economic losses, setting out the documents that had still not been located and provided by appellant.
The court ordered on October 24, 1989:
Plaintiff shall diligently search for all documents requested relating to the Plaintiff’s damages not previously tendered to Defendant, and shall deliver said documents as soon as practicable, but in no event, shall said documents be delivered to Defendant’s counsel later than 72 hours prior to the deposition of the Plaintiff.
Appellant responded to the second court order by indicating pertinent bulky business records would be produced at plaintiff’s place of business in Jamaica. At plaintiff’s deposition on November 1 and 2, 1989, AmeriFirst expected production of various nonbulky documents and a detailing of other business documents available in Jamaica. Upon not receiving such, Am-eriFirst filed a third motion to compel, which the court responded to by dismissing plaintiff’s action with prejudice.
At the hearing on appellant’s third motion to compel the attorney for plaintiff explained as follows why he did not request an extension for production: “Basically, I just kept waiting hoping one day that the documents would come.” The attorney assumed his absent client had produced all she could. AmeriFirst explained that it had no way of knowing what the documents in Jamaica might regard, and requested production of specific nonbulky documents still not produced.
Unlike the facts in United Services Auto Ass’n v. Strasser, 492 So.2d 399 (Fla. 4th DCA 1986), plaintiff here never complied with the two orders compelling production of the same documents regarding economic losses. In Strasser, plaintiff filed two separate motions to compel regarding distinctly different discovery. Defendant complied, though after the court ordered compliance dates. Therein, the court held that compliance, even though tardy, did not merit the ultimate sanction of dismissal.
Herein, as in U.S.B., I defer to the trial court’s conclusion that plaintiff failed to demonstrate good faith compliance with the rules governing discovery. The record supports her willful disregard for the *1243 court’s prior two orders, and the court did not abuse its discretion in ordering dismissal.
Having said all of the above, it is discomforting to be on this side of the argument, as it was in U.S.B. It was a positive feeling to write Wood v. Fortune Insurance Co., 453 So.2d 451 (Fla. 4th DCA 1984), and Strasser, because it was preserving a party’s day in court. Yet, perhaps as Bob Dylan observed “The Times They Are A-Changing”; and the “protesting” motions upon which trial and appellate courts must presently rule seem to be substantial. By a protesting motion, I mean one by a lawyer to compel another lawyer to comply with the rules.
We do not keep separate statistics here for protesting motions as opposed to those which seek positive relief such as an enlarged brief or a needed extension; but all motions of every nature totalled 16,222 here in 1991.
Trial courts, unlike appellate courts, have the wearisome task of “hearing” the protesting motions, whereas we have the luxury of just reading and ruling on them. It has to be gruelling for a trial court to hear, repeatedly in a case, how one party is not abiding by the rules or the trial court’s orders. The lawyers abiding by them must wonder “Why bother?” if the repeated protests are fruitless.