612 So.2d 707 (1993)
Sammie L. McCORMICK and Queen E. McCormick, Appellants,
v.
LOMAR INDUSTRIES, INC., a Florida corporation and Goldome Credit Corporation, an Alabama Corporation, Appellees.
No. 91-1664.
District Court of Appeal of Florida, Fourth District.
January 27, 1993.
*708 Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Fort Lauderdale, for appellants.
No appearance for appellees.
LETTS, Judge.
The issue here is whether the trial judge abused her discretion when she struck all of the appellants'/plaintiffs' pleadings as a sanction for failure to comply with a request for production. We affirm.
The perfectly proper request to produce was filed on November 21, 1988, and no objection thereto voiced. Notwithstanding, no answer was forthcoming in thirty days. Indeed, no answer was provided within sixty-seven days, prompting a motion to compel production by the defendant. A hearing on the motion was had on February 1, 1989 (now seventy-two days from the date of the initial request), at which the plaintiffs agreed to comply with the request for production by February 11, 1989, and the court so ordered. Once more, no production was forthcoming and a motion for sanctions was filed. A hearing on this motion for sanctions was set for March 8, 1989, but was postponed when appellants' lawyer begged off on account of illness. The hearing was reset for March 21, to which the appellants' lawyer did not even appear.[1] Immediately after that hearing, upon the judge's instruction, appellees' counsel personally informed the appellants' lawyer that the trial judge had orally ordered compliance by March 24, 1989, or face "unduly harsh penalties." The appellants' counsel again ignored this deadline and did not file a response until April 3, 1989, (though dated March 29, 1989) by which time one hundred thirty four days had elapsed. On April 10, 1989, the order striking the pleadings and awarding attorneys fees was entered.
The foregoing recitation of the facts was as tedious for this author to chronicle as it will be for the reader to read. Nonetheless, the recital is considered essential to support our conclusion. We cannot regard the actions of appellants' counsel as mere "foot-dragging." Multiple deadlines were ignored, two court orders disregarded, and at least one no-show occurred over a period of four months. In our opinion "a deliberate and contumacious disregard of the court's authority" took place. See U.S.B. Acquisition Co. v. U.S. Block Corp., 564 So.2d 221, 222 (Fla. 4th DCA), rev. denied, 574 So.2d 144 (Fla. 1990). Such being so, the ultimate sanction imposed sub judice is not such as would constitute an abuse of discretion and we cannot reverse it.
The appellants cite Garden-Aire Village Sea Haven, Inc. v. Decker, 433 So.2d 676 (Fla. 4th DCA 1983) for the proposition that the sanction here was too harsh. However, the transgressions in Decker were as nothing compared to what occurred in this case. In Decker, an order to comply within four days was adhered to and only the content thereof found wanting. Further, the Decker court reasoned that the inadequacy of content was occasioned in part by the wording of the request to produce, raising the possibility of either inability to comply or confusion. We see no such possibilities at bar. The appellants were able to comply and finally did so. Moreover, we can not detect any possibility for confusion. Instead, what occurred was deliberate thumbnosing *709 at the court and the rules of civil procedure.
Finally, we address the appellants claim of compliance before the order imposing the sanctions. It is true that a notice of compliance was filed April 3rd and dated March 29, whereas the order granting the sanctions was not signed until April 10. However, we view this April 10 order to be but a confirmation of what the court orally ruled would result if compliance was not given by March 24. Furthermore, by March 31, neither the court nor the attorney for the appellees had received the notice of compliance. The oral order issued by the judge calling for compliance by March 24 provided that the request for production was to be complied with by having it physically "on the desk of [appellees' lawyer] no later than March 24 by 5:00 p.m." Compliance in this case was not achieved until April 3, ten days after the judge's final ultimatum had expired and some six weeks after the initial ultimatum deadline (February 11). The appellants suggest that the bad faith refusal to act, if any, maybe should be laid at appellants' counsel's feet[2] rather than visited on his clients. However, there is no citation to the record for this suggestion, nor is it a point on appeal. As we see it, based on the facts before us, appellants will have to seek redress, if any, against their own trial attorney because no other relief appears to be available.
AFFIRMED.
HERSEY and GUNTHER, JJ., concur.
NOTES
[1] He claims he did appear but that nobody else did. The record and the trial judge's order on sanctions does not support this claim.
[2] We do not, of course, refer to highly regarded appellate counsel who was not the attorney at the trial level.