WILLIAM C. OWEN, Jr., Senior Judge.
Appellant’s lawsuit was dismissed with prejudice after appellant’s trial counsel, Ms. Kleinfeld, was, for the second time, absent from court during the jury trial of this cause. We reverse.
On the first occasion of counsel’s absence, the fourth day of trial, the court proceedings were delayed several hours until the court was notified of counsel’s illness. The trial was recessed until February 6th, a period of three weeks. During that interim the court held a hearing to determine the reason for counsel’s failure to appear. She offered what the court apparently felt was a rambling and somewhat incredible excuse for her absence. When the trial reconvened on February 6th, Ms. Kleinfeld was again absent. She had not notified the court of her unavailability, nor was any plausible explanation forthcoming from her associate, her client or her father, all of whom were present in the courtroom. In response to an inquiry from the court, the associate stated that she had a rudimentary understanding of the case, and would be able to proceed if given a brief opportunity to confer with Ms. Kleinfeld’s father, also a member of the bar. She further stated that if the court could not indulge her in that respect, she could in any event rest appellant’s case, which at that point had been substantially completed. The court, however, understood that response to mean the associate was not prepared to proceed. After waiting forty five minutes for Ms. Kleinfeld, to no avail, the court dismissed the case with prejudice and discharged the jury.
We cannot clearly discern from the record (and the court did not expressly find) that Ms. Kleinfeld’s absences from the trial, with their consequent disruption of the court’s schedule, were willful or with deliberate disrespect for the court. The trial court did expressly find that there was no fault personally on the part of appellant. It is, therefore, certainly clear that the court, in dismissing appellant’s case with prejudice, did so as a sanction for the conduct of appellant’s trial counsel. While Ms. Kleinfeld’s conduct, the full explanation of which is not before us, might well have justified appropriate censure or sanctions imposed upon Ms. Kleinfeld, dismissal of appellant’s case because of conduct on the part of his trial counsel is too severe a sanction to visit upon appellant who himself has not been guilty of any willful or flagrant disregard for the court’s authority. Beasley v. Girten, 61 So.2d 179 (Fla. 1952); First Union Nat’l Bank of Fla. v. Hartle, 579 So.2d 295 (Fla. 4th DCA 1991); World on Wheels of Miami, Inc. v. International Auto Motors, Inc., 569 So.2d 836 (Fla. 3d DCA 1990) and Aller v. Editorial Planeta, S.A., 389 So.2d 321 (Fla.3d 1980).
On this record we conclude that a dismissal of appellant’s case with prejudice was an abuse of discretion and thus inappropriate. We reverse the order and the final judgment thereon and remand with *568 instructions that the case be reinstated and appellant granted a new trial.
REVERSED AND REMANDED.
ANSTEAD and WARNER, JJ., concur.