STEVENSON, Judge.
This is an appeal from a final order of the trial court dismissing the former husband’s post-dissolution motion for contempt, which alleged that his former wife had violated the terms of the parties’ settlement agreement. Upon motion of the wife, the trial court struck the husband’s pleadings and dismissed the case with prejudice as a sanction for the husband’s failure to comply with an order compelling production of certain documents. We reverse and find that, for several reasons, the trial court abused its discretion in dismissing with prejudice the husband’s motion for contempt.
First, the former husband received inadequate notice of the hearing on the motion to strike and dismiss. On December 18, 1996, the wife filed the motion to strike the husband’s pleadings and to dismiss the cause on the ground that the husband had not complied with the trial court’s December 9th order requiring production of a short form financial affidavit, 1995 tax returns, 1996 pay stubs, and all documents that the husband intended to introduce at the trial. On the same day, the wife noticed the motion for a hearing, which was to be held at 8:45 the next morning, December 19, 1996. The husband, who resides in Denmark, did not attend the hearing and no evidence was taken. We find that this one-day notice was insufficient, despite the fact that certain other motions had previously been scheduled for the same time. Although the husband may have chosen not to attend the hearing on the other motions, he might have made arrangements, with timely notice, to attend the hearing on the motion to dismiss his case since successfully defending that motion would require him to personally explain why he had not complied with the production order. See Wildwood Properties, Inc. v. Archer of Vero Beach, Inc., 621 So.2d 691, 692 n. 1 (Fla. 4th DCA 1993) (finding that fact that other motions, not requiring the presence of appellants, were scheduled for the same day did not cure defect in notice of hearing on motion to strike pleadings).
Second, under the circumstances of this case, lesser alternatives were available and dismissal with prejudice was too drastic a sanction. The record on appeal indicates that the information sought was ultimately produced, albeit about two weeks late, yet prior to the scheduled trial. See First Union Nat’l Bank of Fla. v. Hartle, 579 So.2d 295, 296 (Fla. 4th DCA 1991) (stating that “An outright noneompliance with discovery orders may justify the dismissal of pleadings, mere foot dragging does not.”)(quoting U.S.B. Acquisition Co. v. U.S. Block Corp., 564 So.2d 221, 222 (Fla. 4th DCA 1990)). Rather than dismiss the husband’s action, the trial court could have imposed lesser sanctions. The former husband’s financial circumstances, as would be shown by the financial affidavit, tax return and pay stubs, could be relevant qnly to the issue of attorney’s fees, not to the merits of the former husband’s complaint seeking to hold his wife in contempt for her alleged slander. The trial court could have denied the former husband’s request for attorney’s fees while granting attorney’s fees to the wife. The other item which the husband failed to turn over was a list of his exhibits and those documents which he would seek to admit at trial; the trial court could have excluded these exhibits, leaving the husband’s claim without documentary support.[1]
*1003 Lastly, we find that the trial court erred in granting the former wife’s motion to allow a witness to testify by telephone at the trial over the objection of the husband.
[A]ll parties have an absolute right to prohibit the taking of testimony of a witness by communication equipment. The absolute right must be exercised, however, pri- or to the commencement of the proceeding. Once the proceeding begins, the decision to curtail or abort the use of the communication equipment will be in the sound discretion of the court.
The Florida Bar Re Rules of Judicial Admin., 462 So.2d 444, 445 (Fla.1985). Here, the former husband timely objected to the wife’s motion to allow the taking of the witness’ testimony by telephone.
Accordingly, we reverse the order of dismissal and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
POLEN and GROSS, JJ., concur.

. In addition, the order was technically insufficient since the trial judge made no written finding of willfulness in the order of dismissal. See *1003 Commonwealth Fed. Sav. & Loan v. Tubero, 569 So.2d 1271 (Fla.1990).