904 So.2d 658 (2005)
Robert A. PIUNNO and April Piunno, Appellants,
v.
R.F. CONCRETE CONSTRUCTION, INC., Appellee.
No. 4D04-3288.
District Court of Appeal of Florida, Fourth District.
June 29, 2005.
Pamela Beckham of Beckham & Beckham, P.A., North Miami Beach, for appellant.
Janis Brustares Keyser of Billing, Cochran, Heath, Lyles, Mauro & Anderson, P.A., West Palm Beach, for appellee.
DAMOORGIAN, DORIAN K., Associate Judge.
This appeal follows the trial court's dismissal with prejudice of the negligence complaint filed by Robert Piunno ("Piunno")[1] for fraud on the court. We affirm because the record before us supports the trial court's finding by clear and convincing evidence that Piunno made seven misrepresentations regarding his prior injuries and litigation history, and filed a false affidavit intended to obfuscate the truth and hamper the defendant's ability to defend. Taylor v. Martell, 893 So.2d 645 (Fla. 4th DCA 2005); Ruiz v. Orlando, 859 So.2d 574 (Fla. 5th DCA 2003).
Piunno filed a negligence claim against R.F. Concrete Construction, Inc., ("RF") arising out of a work related injury to his hip and knee. After conducting discovery, RF filed a motion to dismiss for fraud on the trial court. The motion set forth evidence that Piunno made a number of misrepresentations regarding his past medical and litigation histories calculated to hide the truth concerning his prior hip injuries and existing medical problems.
In Arzuman v. Saud, 843 So.2d 950, 952 (Fla. 4th DCA 2003), we held that "[t]he trial court has the inherent authority, within the exercise of sound judicial discretion, to dismiss an action when a plaintiff has perpetrated a fraud on the court." "When reviewing a case for fraud, the court should `consider the proper mix of factors' and carefully balance a policy favoring adjudication *659 on the merits with competing policies to maintain the integrity of the judicial system." Arzuman, 843 So.2d at 952 (quoting Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1117-18 (1st Cir.1989)); Taylor, 893 So.2d at 646.
In the instant case, the trial court concluded that Piunno made numerous misrepresentations, considered the circumstances under which the misrepresentations were made, and determined that the misrepresentations were relevant to the ultimate issues in the case. Next, the trial court found by clear and convincing evidence that Piunno intentionally set in motion a calculated scheme to unfairly hamper the opposing party's defense. Finally, it is apparent from the order of dismissal that the trial judge went to great lengths to balance the policy favoring adjudication on the merits with the need to maintain the integrity of the judicial system before concluding that dismissal was appropriate under the circumstances.
It is worth noting that the trial court's written order contains a thoughtful discussion of the facts and a well-reasoned conclusion, clearly showing the court balanced the equities. See Ham v. Dunmire, 891 So.2d 492 (Fla.2004) ("Express findings are required to ensure that the trial judge has consciously determined that the failure was more than a mistake, neglect, or inadvertence, and to assist the reviewing court to the extent the record is susceptible to more than one interpretation."). On the record before us, we find no abuse of the trial court's discretion by the imposition of the ultimate sanction of dismissal with prejudice.
STONE and MAY JJ., concur.
NOTES
[1] The complaint included a count for loss of consortium by April Piunno.