PER CURIAM.
Ronald Chacha appeals the final order granting the defendants’ motion to dismiss for fraud on the court and dismissing his complaint with prejudice. Because the trial court made no express written findings of the essential facts which supported the imposition of the most severe sanction, we reverse and remand for further proceedings.
Chacha sued the defendants for personal injuries allegedly arising out of a January 2004 automobile accident. Chacha alleged that as a result of the accident, he sustained permanent injuries, including the “aggravation of a previously existing condition.”
In November 2007, Chacha was deposed. During this deposition, Chacha acknowledged that in 1999 he was injured in an accident at work when two glass plates fell on him and landed on his face. He testified that he suffered head, neck, shoulder, arm, and hand injuries from that prior accident. He further testified that he did not injure his back in the 1999 accident, that he never had back pain as a result of the 1999 accident, and that, prior to the 2004 car accident, he had never complained of back pain to any physician who treated him for the earlier accident.
In January 2008, Chacha served answers to interrogatories stating that as a result of the 2004 ear accident, he had sustained lower back, neck, head, and right knee injuries. In response to the question of whether he had previously suffered any injury to those parts of the body for which he was claiming damages, Chacha listed only the injuries to his neck and head that he suffered in the 1999 work-related accident. In response to the question of what previous conditions Chacha was claiming were aggravated as a result of the January 2004 car accident, Chacha again listed only head and neck injuries.
Throughout discovery, Chacha continually reported to the defendants that Dr. David B. Ross had treated him for both the 1999 work-related accident and the January 2004 car accident. Chacha also identified Dr. Ross as a treating physician who would testify at trial. In March 2009, defense counsel subpoenaed all of Dr. Ross’s medical records relating to Chacha. In May 2009, both parties received those records.
*729 Dr. Ross’s records revealed that Chacha may have complained to Dr. Ross about back pain prior to the 2004 car accident. The records included notes from seven pre-2004 visits[1] where Dr. Ross noted that Chacha’s “lumbosacral spine shows decreased range of motion.” After a January 17, 2001 visit, the doctor wrote, “Clinically the patient remains symptomatically the same with headaches, neck pain, low back, and left arm complaints.” After a February 18, 2003 visit, Dr. Ross noted, “He still complains of multiple symptoms including headaches, neck pain and low back pain.” For the other five pre-2004 visits, however, Dr. Ross made no references to any back pain. In addition, the records included a “Final Report” dated September 18, 2001 in which Dr. Ross never mentioned Chacha having complained of back pain.
On June 23, 2009, two weeks before the scheduled trial date, Dr. Steven Gelbard, Chacha’s neurosurgeon, was deposed. Dr. Gelbard testified that he first treated Cha-cha in October 2004. Dr. Gelbard further testified that he performed surgery on Chacha for what Dr. Gelbard determined to be a bulging disc. Dr. Gelbard also stated that based on the medical history provided to him by Chacha, it was his professional opinion that Chacha sustained a permanent injury caused by the car accident. This medical history included the fact that Chacha had a work-related accident in 1999 from which he was still suffering residual neck and shoulder pain at the time of the January 2004 car accident. Chacha had never informed Dr. Gelbard, however, of any back injury prior to the January 2004 car accident.
On cross, Dr. Gelbard testified that just prior to the deposition he had been advised by one of Chacha’s attorneys that based on medical records obtained from Dr. Ross, Chacha may have complained of back pain prior to the 2004 accident. Subsequently, the defendants’ attorney presented Dr. Ross’s medical records to Dr. Gelbard and had Dr. Gelbard read from sections where Dr. Ross had reported that Chacha was complaining of lower back pain. Dr. Gel-bard acknowledged that the information from Dr. Ross’s records was something that he was learning for the first time during the deposition. When asked if the records changed his opinion that Chacha’s complaints of back pain were caused by or related to the 2004 car accident, Dr. Gel-bard replied that he would have to get more information to determine whether the back injury was a pre-existing condition.
On redirect, Dr. Gelbard noted that the reported back complaints prior to 2004 were different from those reported by Chacha after the 2004 accident. Based on this change in lower back complaints, Dr. Gelbard reaffirmed all of the opinions he expressed during direct examination.
On June 30, 2009, seven days before trial, the defendants filed a motion to dismiss for fraud. The defendants contended that Chacha engaged in a scheme of fraud and misrepresentation by denying that he had prior back pain and prior back injuries. The defendants also contended that Chacha sought to manipulate medical testimony bearing on his injuries by concealing his past medical history from his treating physicians.
On July 7, 2009, the morning that the trial was scheduled to begin, the trial court *730 heard arguments on the defendants’ motion to dismiss. No witnesses testified and no evidence was introduced at this hearing. After hearing arguments from the attorneys, the trial judge simply stated that the motion to dismiss was “granted.”
On July 10, 2009, the trial court entered a written order granting the defendants’ motion to dismiss for fraud. This order stated that the defendants’ motion was granted with prejudice
based upon the clear and convincing evidence set forth in the record that the Plaintiff, Ronald Chacha, committed fraud regarding his medical history and such deception was intended to interfere with the judicial system’s ability to impartially adjudicate the case by improperly influencing the trier of fact and unfairly hampered the Defendants’ ability to defend the case by intentionally thwarting the discovery process.
Chacha filed a motion for a rehearing, which the trial court denied by written order. This appeal follows.
A trial court has the inherent authority to dismiss a plaintiffs entire case when there is clear and convincing evidence that the plaintiff has committed “a fraud on the court which permeates the entire proceedings.” See McKnight v. Evancheck, 907 So.2d 699, 700 (Fla. 4th DCA 2005). In Arzmnan v. Saud, 843 So.2d 950 (Fla. 4th DCA 2003), we explained:
The requisite fraud on the court occurs where “it can be demonstrated, clearly and convincingly, that a party has sen-tiently set in motion some unconscionable scheme calculated to interfere with the judicial system’s ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party’s claim or defense.” Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir.1989). When reviewing a case for fraud, the court should “consider the proper mix of factors” and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system. Id. at 1117-18.
Id. at 952 (quoting Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998)).
“A dismissal for fraud on the court is reviewed under a narrowed abuse of discretion standard.” Gilbert v. Eckerd Corp. of Fla., 34 So.3d 773, 775 (Fla. 4th DCA 2010); Bob Montgomery Real Estate v. Djokic, 858 So.2d 371, 374 (Fla. 4th DCA 2003) (“Although a dismissal imposed as a sanction is reviewed under an abuse of discretion standard, the trial court’s discretion is narrowed where dismissal is imposed for fraudulent conduct such as that alleged here, in which a more stringent abuse of discretion standard is appropriate.”).
In Piunno v. R.F. Concrete Construction, Inc., 904 So.2d 658 (Fla. 4th DCA 2005), we noted that the trial court’s written order contained “a thoughtful discussion of the facts and a well-reasoned conclusion, clearly showing the court balanced the equities.” Id. at 659. Based on this detailed written order, we were able to affirm that the trial court in that case did not abuse its discretion by imposing the ultimate sanction of dismissal with prejudice.
Contrarily, in this case, the trial court’s final order is non-specific. It states that Chacha “committed fraud regarding his medical history and such deception was intended to interfere with the judicial system’s ability to impartially adjudicate the case by improperly influencing the trier of fact and unfairly hampered the Defendants’ ability to defend the case by intentionally thwarting the discovery pro *731 cess.” This language, however, merely tracks the test for fraud on the court that we approved in Arzuman. As such, the order offers us no guidance in reviewing whether the trial court carefully balanced the equities before granting this ultimate sanction. The trial court’s oral announcements are no more helpful.[2]
While we have never explicitly imposed a requirement that a trial court make express written findings of fact supporting its conclusion that a plaintiff perpetrated (or attempted to perpetrate) a fraud on the court, the Florida Supreme Court has recognized such a requirement where a dismissal is based on a violation of a discovery order. See Ham v. Dunmire, 891 So.2d 492, 495 (Fla.2004) (“The dismissal of an action based on the violation of a discovery order will constitute an abuse of discretion where the trial court fails to make express written findings of fact supporting the conclusion that the failure to obey the court order demonstrated willful or deliberate disregard.”). The supreme court explained that “[e]xpress findings are required to ensure that the trial judge has consciously determined that the failure was more than a mistake, neglect, or inadvertence, and to assist the reviewing court to the extent the record is susceptible to more than one interpretation.” Id. at 496.
We believe that the same reasoning which makes it an abuse of discretion to dismiss an action based on the violation of a discovery order without express written findings of fact applies equally where dismissal is based on a plaintiffs fraud on the court. “We do not think it too great a task to require the trial court to make a written finding of the essential facts which supports the imposition of the most severe sanction .... ” Tubero v. Chapnich, 552 So.2d 932, 935 (Fla. 4th DCA 1989). Thus, we hold that an order granting a dismissal or default for fraud on the court must include express written findings demonstrating that the trial court has carefully balanced the equities and supporting the conclusion that the moving party has proven, clearly and convincingly, that the non-moving party implemented a deliberate scheme calculated to subvert the judicial process.
We therefore reverse and remand for the trial court to make express written findings sufficient to assist us in determining that the trial court properly considered “the proper mix of factors” and carefully balanced the policy favoring adjudication on the merits with the competing policy to maintain the integrity of the judicial system. On remand, the trial court is free to reconsider its ultimate ruling.

Reversed and remanded.

DAMOORGIAN, CIKLIN and LEVINE, JJ., concur.

. Apparendy, Dr. Ross's records included notes from at least sixteen visits prior to January 2004. The defendants, however, only attached notes from seven of those visits to their motion to dismiss. Thus, only the notes from those seven visits discussed above are part of the appellate record.

. After announcing that it was granting the defendants' motion, the trial court did explain that when "the facts become known” it is a "plaintiff's obligation to inform especially their main expert of what they know.” We do not believe that these comments were related to the trial court’s decision to dismiss this case with prejudice. Dismissing the case with prejudice due to the failure of Chacha’s counsel to amend Chacha’s interrogatory answers and to ensure that Dr. Gelbard had reviewed Dr. Ross’s records before his deposition would have undoubtedly been an abuse of discretion.