*1177
ON CONFESSION OF ERROR

PER CURIAM.
Appellants Haldeane Smith and Jennifer Smith appeal the trial court’s order granting Appellee Brinks, Inc.’s motion to dismiss Appellants’ complaint. The trial court concluded that Appellants had committed a fraud upon the court. After first denying Appellee’s motion, the trial court, upon reconsideration, granted the motion and dismissed the complaint with prejudice. However, the trial court did not list any factual findings with respect to the purported fraud in the dismissal order.
Appellants first argue on appeal that the legal requirements for fraud upon the court have not been met, including the requirement that the trial court must provide actual findings of fact demonstrating fraud in an order granting dismissal. To this point, Appellee has filed a confession of error and concedes that the trial court erred in failing to provide the requisite factual findings in its dismissal order. We agree and find this dispositive of the appeal. See Chacha v. Transp. USA, Inc., 78 So.3d 727, 731 (Fla. 4th DCA 2012) (“[A]n order granting a dismissal or default for fraud on the court must include express written findings demonstrating that the trial court has carefully balanced the equities and supporting the conclusion that the moving party has proven, clearly and convincingly, that the non-moving party implemented a deliberate scheme calculated to subvert the judicial process.”) (emphasis supplied). Without any factual findings in the order, the record on appeal is insufficient for the reviewing court to determine whether the trial court considered the proper factors and carefully balanced the competing policies. Id.; Arzuman v. Saud, 843 So.2d 950, 952 (Fla. 4th DCA 2003).
Therefore, we reverse the final order granting dismissal and remand for the trial court to make express written findings while being free to reconsider the ultimate ruling.

Reversed and Remanded.

TAYLOR, MAY and FORST, JJ., concur.