DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JACK STEIN,**
Appellant,

v.

**BURTON J. DEFREN, MYLES SCHACK, RICHARD GOODWIN, JOHN
CHARLES,** and **RIVERWALK OF THE PALM BEACHES HOMEOWNERS
ASSOCIATION INC.,**
Appellees.

No. 4D17-3761

[July 5, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm
Beach County; Joseph G. Marx, Judge; L.T. Case No. 50-2015-CA-
006183-XXXX-MB.

Jack Stein, West Palm Beach, pro se.

Ashley N. Landrum and Karen M. Nissen of Vernis & Bowling of Palm
Beach, P.A., North Palm Beach, for appellees Riverwalk of the Palm
Beaches Homeowners Association Inc., and John Charles.

PER CURIAM.

The appellant, Jack Stein ("Stein"), appeals the trial court's order
dismissing his third-party complaint against the appellees, John Charles
and Riverwalk of the Palm Beaches Homeowners Association, Inc., as a
sanction for fraud on the court. Stein argues six purported errors by the
trial court as a basis for reversal. Five of the asserted errors revolve around
arguments that the trial court improperly weighed evidence, improperly
conducted the sanction hearing, or applied the facts incorrectly in
reaching legal conclusions. Because Stein has not provided us with a
transcript of the proceedings and many of the assertions of facts in his
brief, which he contends are favorable to his position, do not support his
arguments, we affirm the trial court as to those five issues without
discussion. However, we find merit in his sixth argument that the trial
court erred by failing to make findings of fact in its order granting
dismissal as a sanction. As we recently held in *Chacha v. Transp. USA,
Inc.*, 78 So. 3d 727 (Fla. 4th DCA 2012):

> An order granting a dismissal or default for fraud on the court must include express written findings demonstrating that the trial court has carefully balanced the equities and supporting the conclusion that the moving party has proven, clearly and convincingly, that the non-moving party implemented a deliberate scheme calculated to subvert the judicial process.

*Id.* at 731; see *also Smith v. Brinks, Inc.*, 133 So. 3d 1176, 1177 (Fla. 4th DCA 2014).

Therefore, we reverse the final order granting dismissal and remand for the trial court to make express written findings. We make no comment on whether reconsideration of the ultimate ruling is warranted or not.

*Affirmed in part, reversed in part, and remanded.*

GERBER, C.J., GROSS and CONNER, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***

2