Per Curiam.
The appellant, Jack Stein ("Stein"), appeals the trial court's order dismissing his third-party complaint against the appellees, John Charles and Riverwalk of the Palm Beaches Homeowners Association, Inc., as a sanction for fraud on the court. Stein argues six purported errors by the trial court as a basis for reversal. Five of the asserted errors revolve around arguments that the trial court improperly weighed evidence, improperly conducted the sanction hearing, or applied the facts incorrectly in reaching legal conclusions. Because Stein has not provided us with a transcript of the proceedings and many of the assertions of facts in his brief, which he contends are favorable to his position, do not support his arguments, we affirm the trial court as to those five issues without discussion. However, we find merit in his sixth argument that the trial court erred by failing to make findings of fact in its order granting dismissal as a sanction. As we recently held in Chacha v. Transp. USA, Inc. , 78 So.3d 727 (Fla. 4th DCA 2012) :
An order granting a dismissal or default for fraud on the court must include express written findings demonstrating that the trial court has carefully balanced the equities and supporting the conclusion that the moving party has proven, clearly and convincingly, that the non-moving party implemented a deliberate scheme calculated to subvert the judicial process.
Id. at 731 ; see also Smith v. Brinks, Inc. , 133 So.3d 1176, 1177 (Fla. 4th DCA 2014).
Therefore, we reverse the final order granting dismissal and remand for the trial court to make express written findings. We make no comment on whether reconsideration of the ultimate ruling is warranted or not.
*25 Affirmed in part, reversed in part, and remanded.
Gerber, C.J., Gross and Conner, JJ., concur.