DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JACK STEIN,**
Appellant,

v.

**JOHN CHARLES** and
**RIVERWALK OF THE PALM BEACHES HOMEOWNERS
ASSOCIATION, INC.,**
Appellees.

No. 4D18-2662

[February 20, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Joseph G. Marx, Judge; L.T. Case No. 502015CA006183XXXXMB.

Jack Stein, West Palm Beach, pro se.

Ashley N. Landrum and Karen M. Nissen of Vernis & Bowling of Palm Beach, P.A., North Palm Beach, for appellees.

GERBER, C.J.

Third-party plaintiff Jack Stein ("Stein") appeals from the circuit court's final order granting third-party defendants Riverwalk of the Palm Beaches Homeowners' Association, Inc.'s ("Riverwalk") and John Charles's ("Charles") motion for sanctions based upon Stein's fraud upon the court. The order's ultimate outcome was to dismiss Stein's claim against Riverwalk and Charles for tortious interference with advantageous business relationship, as well as Stein's claim against Riverwalk for violation of section 720.303(5), Florida Statutes, relating to record requests. We affirm.

This is the second time in which we have reviewed the circuit court's order granting Riverwalk's and Charles's motion for sanctions. Our first review resulted in our opinion styled as *Stein v. Defren,* 247 So. 3d 24 (Fla. 4th DCA 2018) ("*Stein I*"). *Stein I* held, in pertinent part:

Stein argues six purported errors by the trial court as a basis for reversal. Five of the asserted errors revolve around arguments that the trial court improperly weighed evidence, improperly conducted the sanction hearing, or applied the facts incorrectly in reaching legal conclusions. Because Stein has not provided us with a transcript of the proceedings and many of the assertions of facts in his brief, which he contends are favorable to his position, do not support his arguments, we affirm the trial court as to those five issues without discussion. However, we find merit in his sixth argument that the trial court erred by failing to make findings of fact in its order granting dismissal as a sanction. As we recently held in *Chacha v. Transp. USA, Inc.*, 78 So. 3d 727 (Fla. 4th DCA 2012):

> An order granting a dismissal or default for fraud on the court must include express written findings demonstrating that the trial court has carefully balanced the equities and supporting the conclusion that the moving party has proven, clearly and convincingly, that the non-moving party implemented a deliberate scheme calculated to subvert the judicial process.

*Id.* at 731; *see also Smith v. Brinks, Inc.*, 133 So. 3d 1176, 1177 (Fla. 4th DCA 2014).

> Therefore, we reverse the final order granting dismissal and remand for the trial court to make express written findings. We make no comment on whether reconsideration of the ultimate ruling is warranted or not.

247 So. 3d at 24.

Pursuant to our mandate in *Stein I*, the circuit court held a second hearing on the motion for sanctions, but simply to give the parties an opportunity to be heard before the court entered a more detailed order. Following the hearing, both sides were given an opportunity to submit a proposed more detailed order. The court ultimately entered a second, more detailed order making express written findings to support the dismissal of Stein's claims as a sanction for fraud on the court.

In this appeal from entry of the second order, Stein again argues that, at the first hearing on the motion for sanctions, the trial court improperly

2

weighed evidence, improperly conducted the hearing, or applied the facts incorrectly in reaching legal conclusions. Because Stein once again has not provided us with a transcript from the first hearing, we affirm the trial court as to all claims without discussion. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979) ("In appellate proceedings[,] the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error.").

We comment only upon one argument which Stein had not raised in *Stein I*, but which Stein has raised in this appeal. According to Stein, during the first hearing, the circuit court erred in taking testimony from a witness by phone without complying with Florida Rule of Civil Procedure 1.451. Rule 1.451(b) states, in pertinent part: "The court may permit a witness to testify at a hearing or trial by contemporaneous audio or video communication equipment (1) by agreement of the parties or (2) for good cause shown upon written request of a party upon reasonable notice to all other parties." Rule 1.451(e) states, "Testimony may be taken through communication equipment only if a notary public or other person authorized to administer oaths in the witness's jurisdiction is present with the witness and administers the oath consistent with the laws of the jurisdiction."

Because Stein has not provided us with a transcript from the first hearing, we cannot determine whether Stein raised a contemporaneous objection to the circuit court's alleged taking of testimony from the witness by phone without allegedly complying with rule 1.451. *See Sunset Harbour Condo. Ass'n v. Robbins*, 914 So. 2d 925, 928 (Fla. 2005) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved."). Thus, that argument, like Stein's other arguments, was not preserved.

However, even if the circuit court did not comply with rule 1.451, we would find the error to be harmless based on the court's express written findings in its second order. The circuit court found the witness's properly-introduced deposition testimony revealed that the witness did not create, read, or sign the affidavit which Stein used to defeat the third-party defendants' motion for summary judgment. The fact that the circuit court may have attempted to have the witness testify by phone to confirm Stein's use of the affidavit to commit fraud upon the court would have been merely cumulative and, therefore, harmless. *See Witham v. Sheehan Pipeline Constr. Co.*, 45 So. 3d 105, 109 (Fla. 1st DCA 2010) ("An error in the

introduction of evidence may be considered harmless if the evidence is merely cumulative to other evidence that was properly introduced.").

*Affirmed.*

CIKLIN and KUNTZ, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**